[No. 12565.  In Bank. — May 1, 1890.]

CITY OF EUREKA, RESPONDENT, *v.* JOHN ARM-
STRONG, APPE LANT.

PUBLIC STREET — DEDICATION — SALE OF PROPERTY DESCRIBED AS BOUNDED
BY STREET. — The sale of land described as bounded by a specified
street, which boundary is where an existing street would be if extended,
is at least an offer to dedicate, and after acceptance is a complete dedica-
tion.

ID. — ACCEPTANCE — GENERAL ORDER OF CITY COUNCIL. — A general order
by the city council accepting all streets which have been dedicated is a
sufficient acceptance, although it does not mention the street by name.

ID. — REASONABLE TIME. — Two years after the deed above mentioned is a
reasonable time for such acceptance, under the circumstances of the
case.

ID. — ABANDONMENT OF STREET — OFFICIAL MAP. — When land has been
dedicated and accepted as a street, the subsequent adoption of an official
map having a line drawn across the mouth of the street is not sufficient
to divest the public of their rights.

APPEAL from a judgment of the Superior Court of
Humboldt County, and from an order refusing a new
trial.

The facts are stated in the opinion of Commissioner
Hayne in Department Two.

*McQuaid & Wheeler,* for Appellant.

*J. N. Gillett,* and *J. H. G. Weaver,* for Respondent.

McFARLAND, J. — In this case there was a decision in
Department affirming the judgment.  A hearing in Bank
was ordered, mainly because a number of cases involv-
ing the doctrine of the dedication of streets to the pub-
lic were either then under advisement or had recently
been decided; and it was thought best to again carefully
compare the case at bar with the others.  After further
consideration, we are satisfied with the opinion delivered
in Department.  There is nothing in that opinion in-
consistent with *People v. Reed,* 81 Cal. 70, or *City of Eu-
reka v. Croghan,* 81 Cal. 524.  The sale of land described

as bounding on a certain street is at least an offer of dedication of the street; and we think, as stated in the opinion of Department Two, that the resolution of the city council was an acceptance before any attempt at revocation.

Judgment and order affirmed.

THORNTON, J., FOX, J., and SHARPSTEIN, J., concurred.

BEATTY, C. J., dissented.

The following is the opinion of Department Two above referred to, rendered on the 4th of December, 1889:—

HAYNE, C.—This was an action of ejectment brought by the city of Eureka to recover a portion of an alleged street called Twelfth Street, of which the defendant was in possession. The trial court gave judgment for the plaintiff, and the defendant appeals.

Twelfth Street was an open public street for some distance to the east of the property in controversy, which would be covered by the street if extended westerly. In order to prove that it was so extended, the plaintiff put in evidence a deed to one Bowman, made in 1883 by the defendant, who was then the owner of the property. The description in this deed was as follows:—

"Beginning at the southwest corner of Twelfth and F Streets; running thence south along the west line of F Street 55 feet; thence west parallel with Twelfth Street 120 feet; thence north parallel with F Street 55 feet, *to Twelfth Street;* and thence east *along the south line of Twelfth Street* 120 feet, to the place of beginning."

The portion of Twelfth Street to and along which those lines were run was the extension claimed by the plaintiff here. If the deed did not constitute a dedication (see *Kittle* v. *Pfeiffer*, 22 Cal. 489), it was at least an offer to dedicate, and the offer must be construed to relate to the whole block, and not merely to 120 feet thereof;

for it will not be presumed that the intention was to make a *cul-de-sac.* The appellant contends that an acceptance was necessary to complete the dedication; and we so understand the law. (*People* v. *Reed*, 81 Cal. 70.) But we think that there was such acceptance. In 1885, which was less than two years after the deed above mentioned, the city council passed the following order: —

"All streets and alleys within the corporate limits of the city of Eureka, which have been dedicated by the owners thereof for the use of the public, *are hereby accepted* and declared to be public streets of the city of Eureka."

We are unable to see why this was not a sufficient acceptance. The common council must be the proper body to accept a dedication. If not, who is there that can give a formal acceptance? And if the order had in terms applied to Twelfth Street, there could have been no doubt. The only questions that can be raised are, whether it was necessary to mention by name the street to be accepted, or whether a general reference to it is sufficient, and whether this is a sufficient reference. We think that a general reference is sufficient, and that inasmuch as the deed in question was recorded, the municipal authorities must be presumed to have been aware of it, and to have intended the general reference to apply to it.

The case of *Harding* v. *Jasper*, 14 Cal. 649, is not in conflict with the foregoing. In that case there was no dedication or offer to dedicate by the owners. There was, therefore, nothing for the supervisors to accept. And as a matter of course they could not by their mere fiat make a road without reference to the rights of the owners. In the case before us there was a dedication or offer to dedicate; and the acceptance was within a reasonable time, and before any attempt at revocation by the owner.

The land having been duly dedicated and accepted as

a public street, the subsequent adoption of an official map having a line across the mouth of the extension of the street is not sufficient to divest the public of their right. Even if the local board had power to effect such a result, the mere drawing of a line upon a map is not an exercise of the power.

There was no material error in the admission or rejection of evidence. Nor do we see any error in the instructions. But if there had been it would have been immaterial; for the above facts being uncontradicted, the court might properly have instructed the jury to find for the plaintiff.

We therefore advise that the judgment and order be affirmed.

VANCLIEF, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.

THORNTON, J., concurring.—I concur in the judgment, and generally in what is said in the opinion, but do not wish to be understood as approving what is said in *People* v. *Reed*, referred to in the opinion.

Rehearing denied.