[No. 14034.  In Bank. — May 4, 1891.]

## JAMES KEENA, RESPONDENT, v. BOARD OF SUPERVISORS OF PLACER COUNTY, APPELLANT.

ABANDONMENT OF ROAD — ORDINANCE OF SUPERVISORS — DEFINITION. — The words "proper ordinance," as used in section 2643 of the Political Code, providing that the board of supervisors must by proper ordinance abolish or abandon such roads as are not necessary, mean nothing more, and require nothing more, than a proper order of the board, entered in its minutes.

ID. — CONSTRUCTION OF POLITICAL CODE — COUNTY GOVERNMENT ACT. — Section 2643 of the Political Code cannot be construed in connection with the County Government Act, which was passed after its adoption, but must be construed with reference to other parts of the Political Code.

ID. — PETITION — BOND. — A petition for the abandonment of a road need not be accompanied by a bond.

ID. — VACATION OF ORDER — CERTIORARI — RIGHTS OF OWNERS OF LAND. — An order vacating a previous order abandoning a road, and re-establishing the highway, without proceedings for condemnation and compensation to owners of lands through which the road passed, will be annulled upon *certiorari* at suit of one of such owners.

APPEAL from a judgment of the Superior Court of Placer County.

The facts are stated in the opinion.

*F. P. Tuttle*, for Appellant.

*A. K. Robinson*, and *J. E. Prewett*, for Respondent.

BELCHER, C. — The record in this case shows the following facts: In 1872, a certain road in Placer County was laid out and declared to be a public highway by the board of supervisors of the county. In October, 1887, the board made and caused to be entered in its minutes an order that a certain described portion of the said highway "be and the same is hereby abandoned." In January, 1890, the board made another order, that its order of October, 1887, be set aside and canceled, and that that portion of the road described therein be opened for public travel, and that the road overseer proceed im-

mediately to remove all obstructions therefrom. The plaintiff then commenced this proceeding in the superior court of Placer County, to obtain a writ of review of the last-named order. The writ was granted and a return thereto made, showing all the proceedings and orders taken and made by the board of supervisors for the laying out, abandonment, and reopening of the said road.

The court found and decided that the road was properly laid out and became a public highway in 1872, and that it extended across land then and ever since owned by the plaintiff, and which within the last year had been inclosed by him; that on the 7th of October, 1887, a petition in proper form and signed by more than ten persons, all of whom were citizens, residents, and tax-payers within the said road district, and taxable therein for road purposes, was presented to the board of supervisors, asking that the road be abandoned, and thereupon the board made and entered its order declaring that the road be discontinued and abandoned; that on the 11th of January, 1890, the board made and entered an order setting aside and canceling the order of October 7, 1887, and directing that the road so abandoned be opened for public travel as a public highway; that the plaintiff has asked and requested the board to vacate and set aside the order last mentioned, but it refuses to do so; that the plaintiff has no plain, speedy, or adequate remedy at law; that the action of the board in making and entering the order sought to be annulled is an especial injury and damage to plaintiff in this, that unless the order be annulled the board and its road-master will proceed to open and use the road through his lands without giving him adequate or any compensation therefor, and without having acquired the lawful right so to do; and as a conclusion of law, that the order made on the 7th of October was valid, and operated a discontinuance of the road, and the order made on the 11th of January was in ex-

cess of the powers of the board, and should be vacated and annulled.

Judgment was accordingly so entered, and from that judgment the defendant appeals, without any statement or bill of exceptions.

It is argued for appellant that a board of supervisors has no power to cause a public road to be abandoned, except it be by a "proper ordinance," framed, passed, and published as required by section 26 of the County Government Act (Stats. 1883, p. 299), and that as the attempted abandonment, here under review, was only by an *order* of the board, it was wholly ineffectual to accomplish the end intended, and the road still continued to be a public highway, notwithstanding the order. In support of this position, counsel rely upon section 2643, subdivision 3, of the Political Code, which reads as follows:—

"The boards of supervisors of the several counties of the state shall have general supervision over the roads within their respective counties. They must, by proper ordinance : . . . . 3. Abolish or abandon such as are not necessary."

The chapter of the Political Code relating to highways was passed on the 28th of February, 1883, and there is nothing in it defining an ordinance, or showing how it differs from an order. The County Government Act was passed on the 14th of March following. The question then is, What was meant by the words "proper ordinance" as used in the section cited? In answering this question the County Government Act cannot be resorted to, but other parts of the code can. Now, turning to section 2619 of the same chapter, we find a provision as follows: "All public highways once established shall continue to be public highways until abandoned by order of the board of supervisors of the county in which they are situated, or by operation of law, or judgment of a court of competent jurisdiction."

And in section 2621 this language is used: "A road laid out and worked, and used as provided in this chapter, shall not be vacated or cease to be a highway until so ordered by the board of supervisors of the county in which said road may be located."

In section 2643 of the Political Code there are eleven subdivisions prescribing the powers and duties of boards of supervisors in relation to roads; and to hold that most of these powers could not be exercised by ordinary order would evidently be absurd. For example, subdivision 10 is: "Audit all claims on the funds of the respective road districts when required to pay for right of way, or work, or improvements thereon."

The provisions of sections 2619 and 2621 clearly import that a highway may be abandoned by an order of the board of supervisors. In our opinion, therefore, the words "proper ordinance," as used in section 2643, mean nothing more, and require nothing more, than a proper order. It follows that the proceedings of the board in this regard were authorized and sufficient.

It is further argued that the petition for the abandonment of the road was not accompanied by a bond, and was not in itself sufficient to meet the requirements of the statute, citing sections 2681 to 2695 of the Political Code. We do not think any bond is required by the sections cited, when the petition is only for the abandonment of a road. And assuming that a petition is necessary in such a case, the court below decided that the petition presented to the board was sufficient, and we cannot say that its decision in this respect was erroneous.

We conclude, therefore, that the judgment should be affirmed, and so advise.

TEMPLE, C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.