[L. A. No. 988.   Department One. — November 29, 1901.]

THE CITY OF ANAHEIM, Appellant, v. CLEMENTINE LANGENBERGER, Respondent.

DEDICATION OF PLAZA — RECORDED PLAT AND MAP — CONVEYANCES OF LOTS — RIGHTS OF PUBLIC — OFFER TO DEDICATE — ACCEPTANCE — REVOCATION. — The description of a plaza upon a recorded map and plat of land, according to which lots were sold and conveyed, whatever rights may be thereby conferred upon the purchasers of lots, only constitutes an offer to dedicate the plaza to public use, so far as the rights of the public are concerned.  An acceptance of the offer by the public is essential to constitute a dedication as to it, and the offer may be revoked, as to the public, at any time before its acceptance thereof.

ID. — ACTION BY CITY TO QUIET TITLE — PLEADING — ADVERSE CLAIM — REVOCATION OF OFFER. — Where it appears that the offer to dedicate the plaza was made twenty years before the commencement of an action by the city to quiet title thereto, during which period there was no express or implied acceptance of the offer by the public, and the complaint alleges an adverse claim of the defendant to the land involved, such allegation indicates a revocation of the offer prior to· the filing of the complaint.

ID. — FINDING AGAINST DEDICATION — ABSENCE OF PROOF OF ACCEPTANCE. — In the absence of proof of an acceptance by the city of the offer to dedicate the plaza prior to the commencement of the action, the court was justified in finding that there was no dedication of the· plaza to public use.

APPEAL from a judgment of the Superior Court of Orange· County and from an order denying a new trial.   J. W. Ballard, Judge.

The facts are stated in the opinion of the court.

H. W. Chynoweth, for Appellant.

Z. Montgomery, R. Melrose, and John D. Pope, for Respondent.

GAROUTTE, J. — This action is brought to quiet the title· to a certain tract of land situated within the limits of the city of Anaheim.   Plaintiff appeals from the judgment and order denying its motion for a new trial.

Defendant's predecessor in interest platted a certain tract of land within the limits of the city of Anaheim, by dividing it

into lots, blocks, etc., and filed the plat or map thereof in the office of the county recorder of the county.   Thereafter he sold a number of lots to various parties, describing them by reference to the aforesaid recorded plat.   This defendant, his successor in interest, likewise sold various lots.   According to this plat, a certain tract is marked thereon as a plaza, and a portion of this plaza tract is the land involved in the present litigation, the plaintiff claiming that it was dedicated to the public as a park, or plaza, by the owner thereof.   The trial court decided that there was no dedication to the public, and thereupon rendered judgment against the city.

In the briefs filed by the city it is declared: "The contention of plaintiff is, that the proprietors of said lands, in making the map and plat, and in placing the same as a public record of the county of Los Angeles, in the county recorder's office, operated as an offer on their part to dedicate the place marked 'plaza' to the purposes of an open, public, town plaza, for the use of the inhabitants of the town and the public; that in immediately following up the making and filing said map for record by sales and conveyances by them of lots in said subdivision to *bona fide* purchasers, in accordance with such map and plat, such offer to dedicate became absolute and irrevocable."   As matter of law, it cannot be said that dedication follows from the facts above set forth by plaintiff.   Indeed, as a matter of fact we doubt if a court would be justified in declaring the ultimate fact of dedication to result from those probative facts.   As far as the city is concerned, the court attaches little importance to the fact that the owner sold lots according to the plat or map on file in the recorder's office.   Such acts by the owner may sometimes indicate an intention to dedicate a street or plaza, but in this case an intention to dedicate is amply shown by the filing of the map.   And it may be said that the filing of a map has always been held to constitute an offer to dedicate.   It is said in *Sacramento* v. *Clunie*, 120 Cal. 32: "In the consideration of the question here presented, it must be borne in mind that the litigation is alone between the owner and the city.   The question is purely one of dedication.   The respective rights of the owners of the blocks who may have purchased from the parties filing the map are not involved.   Such sales may be some evidence of intention to dedicate, but nothing more.   The respective rights of owners

rest upon other and different principles of law." It thus appears that in a case involving the facts here presented, the act of the owner in selling lots according to the recorded plat is more important as evidence in a case between the owner and the purchaser, than in a case where the city is claiming a dedication to the public.

In *Los Angeles* v. *Kysor*, 125 Cal. 466, the law is thus succinctly declared: "Dedication is the joint effect of an offer by the owner to dedicate land, and an acceptance of such offer by the public. Only two parties are necessary to a dedication,— the owner upon the one side, and the public upon the other. There can be no dedication without the participation of both; and no dedication can be stronger or more binding by the participation or intervention of others. The offer of the owner to dedicate may be manifested in a hundred different ways; and the acceptance of the offer by the public may be manifested in a like number of ways."

In *Schmitt* v. *San Francisco*, 100 Cal. 307, the case of *Archer* v. *Salinas City*, 93 Cal. 53, is quoted with approval, where it was said: "The owner, after selling some of the lots according to such map, might, either with the consent of the purchasers, or if he should himself repurchase all of the lots so sold, withdraw such offer at any time before the public has acquired any interest in the streets, either from formal acceptance or by actual user." The facts there stated are exactly the facts relied upon by plaintiff, whereby its counsel declares "such offer to dedicate became absolute and irrevocable." Tested by the principle declared in the Salinas City case, if this defendant had at any time prior to the commencement of this action repurchased all of the lots sold according to the recorded map, plaintiff's claims would surely be a nullity; for defendant would then have had the right to withdraw the offer of dedication. It is thus evident that some material fact going to establish dedication is absent from the statement of facts relied upon by plaintiff's counsel.

By the facts of this case, there appears to be nothing more than an offer to dedicate the plaza to the public. The offer was made more than twenty years before this action was brought. During that entire time the city never made a sign that it accepted the offer. No formal acceptance was entered; no implied acceptance is shown. The first intimation the city gave of its claims to the plaza is found in the commencement

of the present action. Certainly, the commencement of this action can hardly constitute an acceptance of an offer to dedicate made twenty years before. The complaint sets out that defendant claims the land here involved adversely to it. This allegation of the pleading indicates that defendant had at some time prior to the filing of the complaint revoked the offer of dedication theretofore made. There being no evidence in the record indicating any acceptance, upon the part of the city, of the offer to dedicate, the trial court was entirely justified in holding that no dedication took place.

The court finds no substantial merit in the exceptions of plaintiff to the rulings of the court in the admission and rejection of testimony.

For the foregoing reasons the judgment and order are affirmed.

Harrison, J., and Van Dyke, J., concurred.