[L. A. No. 6044. Department Two.—July 28, 1920.]

## THE COUNTY OF INYO, Respondent, v. PAUL M. GIVEN, (a Minor), et al., Appellants.

[1] APPEAL — JUDGMENT ON PLEADINGS — TRUTH OF DENIALS.— On appeal from a judgment for plaintiff on the pleadings in an action to have a street declared a public highway, the denials of the plaintiff's complaint that there was a dedication must be taken as true.

[2] HIGHWAYS—DEDICATION—NATURE OF.—Considering a dedication as a voluntary transfer of an interest in land, it partakes both of the nature of a grant, and of a gift, and is governed by the fundamental principles which control such transactions.

[3] ID.—ACCEPTANCE OF DEDICATION.—A dedication, like a contract, consists of an offer and acceptance, and is not binding until acceptance, proof of which must be unequivocal.

[4] ID.—MANNER OF ACCEPTANCE.—Acceptance of dedication may be actual or implied, and it is actual when formal acceptance is made by the proper authorities, and implied when a use has been made of the property by the public for such a length of time as will evidence an intention to accept the dedication.

[5] ID.—SALES OF LOTS WITH REFERENCE TO MAP SHOWING STREETS —OFFER TO DEDICATE—ACCEPTANCE ESSENTIAL.—The mere making of sales of lots with reference to a map showing streets does not constitute an irrevocable dedication to the public, since an acceptance must be had either by user or some formal act.

[6] ID.—ORDER OF SUPERVISORS—ABANDONMENT OF STREETS—INSUFFICIENT ACCEPTANCE.—Acceptance of an offer of dedication presumed from the recording of a map showing streets and from the sale of lots with reference to the map is not shown by an order of the board of supervisors abandoning the streets, since if such order had any effect, it can be construed only as a rejection of the offer.

[7] ID.—RESCISSION OF ORDER OF ABANDONMENT—INSUFFICIENT ACCEPTANCE OF OFFER OF DEDICATION.—An order of a board of supervisors rescinding a previous order vacating and abandoning certain streets delineated on a recorded plat does not constitute an acceptance of an offer of dedication, where the offer had been previously withdrawn.

4. Presumption of dedication from user of highway, notes, 129 Am. St. Rep. 609; Ann. Cas. 1914D, 335.

5. Reservation of land on map or plat for specified purpose as dedication to public, note, Ann. Cas. 1916D, 1079.

[8] ID.—COMMENCEMENT OF ACTION TO ESTABLISH HIGHWAY—INSUFFICIENT ACCEPTANCE.—The filing of an action by a county to have a street decreed a public highway and to remove and abate an obstruction thereon thirteen years after an offer of dedication had been made and after it was rescinded can in no manner be construed as an acceptance.

[9] ID.—ABANDONMENT OF STREET — POWER OF SUPERVISORS — EFFECT OF ORDER.—A board of supervisors has power, under section 2643 of the Political Code, to abandon the rights of the public in a street, and where such action is taken, the proffered easement reverts and the land becomes the private property of the dedicator.

APPEAL from a judgment of the Superior Court of Inyo County. Wm. D. Dehy, Judge. Reversed.

The facts are stated in the opinion of the court.

A. H. Swallow for Appellants.

Jess Hession for Respondent.

The following opinion was prepared by Mr. Justice Kerrigan of the district court of appeal, first appellate district, while acting as justice *pro tempore* of this court in place of Mr. Justice Melvin. It is adopted as the opinion of the court.

THE COURT.—This action was brought by the county of Inyo to have a certain street decreed a public highway and to remove and abate an obstruction thereon. As judgment went for plaintiff on the pleadings, a review of the same becomes necessary. Plaintiff alleged, in substance, that in December, 1900, one A. M. Given filed in the recorder's office of Inyo County a plat of the Given Addition to the town of Big Pine, and that on said plat certain streets, avenues, and alleys were delineated, including a street known as Washington Street; that subsequently Given sold lots in said addition to certain persons and that said Washington Street was dedicated by Given to the use of the public and particularly to certain purchasers named in the complaint; that thereafter in December, 1913, defendant Paul Given made on oral application to the board of supervisors, without any petition in writing, for an order vacating and abandoning certain of these streets and avenues

delineated on said plat, including that portion of Washing-_ton Street north of the north line of Center Street. That to procure this order, it is alleged, defendant made certain false representations to the board of supervisors concerning the sale of said lots, and that as a result thereof the board in December, 1913, made an order without the knowledge, consent, or acquiescence of any of the abutting owners, vacating certain of the streets, including that portion of Washington Street above mentioned. Further allegations recite that in so doing the board exceeded its authority, and that thereafter in January, 1914, after learning of the false representations, it made an order revoking and rescinding that portion of the order and resolution relating to Washington Street. It is also charged that while Washington Street was a public highway, dedicated as aforesaid, defendant Lena T. Given placed certain obstructions thereon and that she refused to remove the same upon demand being made. Defendants demurred to the complaint on the ground that it failed to state a cause of action. The demurrer was overruled. Defendants answering, denied that the portion of Washington Street referred to had ever been opened or used as a street or public highway, or that it was ever accepted as such by the county, and alleged that no lots abutting upon the streets or portions thereof vacated by the order of the board had ever been sold to any person. They also denied that any false representations were ever made to the board to induce the members thereof to make the revoking order, or that the board ever relied upon any such representations in making the same. On the trial defendants moved for judgment on the pleadings on the ground that the amended complaint did not state facts sufficient to constitute a cause of action or entitle the plaintiff to any relief against the defendants or either of them. The trial court held, however, that the board of supervisors had no authority or jurisdiction to make the order vacating and abandoning the streets, and further concluded that as the answer did not controvert the allegations of the complaint constituting dedication, it did not state facts sufficient to constitute a defense, and ordered judgment for the plaintiff on the pleadings. It is defendants' contention that the court erred in overruling their demurrer and further erred in not giving judgment in their

CLXXXIII—27

favor. We are of the opinion that the judgment as rendered finds no support in the record.

The allegations of the complaint with reference to the dedication of the land recite that defendants' predecessors in interest had sold to different persons lots in the tract according to the map or plat, and that there was thereby created an irrevocable easement in the streets and avenues delineated on such map.

As above indicated the answer of defendants not only specifically alleges that no lots had ever been sold on the streets or portions thereof vacated by the order of December, 1913, but it also denies that any part of that portion of Washington Street affected by the order had ever been opened or used or accepted by the public as a highway.

[1] These denials of plaintiff's conclusion that there was a dedication must be taken as true, judgment having been entered on the pleadings.

Counsel for both parties have discussed at length the questions of the power of boards of supervisors to abandon highways, or to revoke, upon a proper showing, an order made with reference thereto. To our minds, however, the controlling question in this case is whether or not there has been an offer and acceptance of dedication of the street in question to public use as a public highway.

[2] Considering a dedication as a voluntary transfer of an interest in land, it partakes both of a nature of a grant and of a gift, and is governed by the fundamental principles which control such transactions. [3] Hence, a dedication, like a contract, consists of an offer and acceptance, and it is settled law that a dedication is not binding until acceptance, proof of which must be unequivocal (18 Corpus Juris, p. 72). [4] The acceptance may be actual or implied. It is actual when formal acceptance is made by the proper authorities, and implied, when a use has been made of the property by the public for such a length of time as will evidence an intention to accept the dedication. (*Elliott* v. *McIntosh,* 41 Cal. App. 763, [183 Pac. 692].) Two things, however, are necessary to a complete dedication, an offer and acceptance. A dedication without acceptance is, in law, merely an offer to dedicate, and such offer does not impose any burdens nor confer any rights, unless there is an acceptance. The rule therefore is, that accept-

ance on the part of the public is necessary to a valid dedication of land as a highway (1 Elliott on Roads and Streets, sec. 122; 8 R. C. L., p. 898). Respondent claims, however, that defendants are estopped to deny that the streets delineated on the map were accepted, by reason of the filing of the map and the sale of lots with reference thereto, and it was upon this theory, no doubt, that the trial court based its decision.

That some confusion exists in the authorities in this state where the subject has received consideration there can be no doubt. Some of the cases confuse the doctrine of dedication with other doctrines pertinent only to private inter-relations growing out of sales. The case of *Town of San Leandro* v. *Le Breton*, 72 Cal. 170, [13 Pac. 405], is of such a character. It is there held that where an owner of land lays off a town and makes a map thereof showing it to be divided into streets, alleys and lots, and then sells lots with reference to such map, he thereby makes an irrevocable dedication of the space represented on the map as streets, to the use of the public, and that in such a case no formal acceptance is necessary by the town authorities. The rule announced in this case is mere *dictum*, as it appeared that there was an acceptance. The rule declared in that case is one of constructive dedication, and undoubtedly could be invoked in an action between the dedicator and his grantees. But the purchasers here, if there be any, are not complaining. This action is one brought by a county to abate an obstruction upon property which it claims to be a public highway. There is a distinction between the rights accruing to the public generally and the purchasers of lots according to a map upon an offer of dedication. (*Eltinge* v. *Santos*, 171 Cal. 278, [152 Pac. 915]; *People* v. *Reed*, 81 Cal. 70, 79, [15 Am. St. Rep. 22, 22 Pac. 474].) As before stated, so far as the public is concerned, there must be an acceptance to complete an offer of dedication. Dedication is the joint effect of an offer by the owner to dedicate land and an acceptance of such offer. ' There can be no dedication without the participation of both. (*City of Anaheim* v. *Langenberger*, 134 Cal. 608, 610, [66 Pac. 855].) **[5]** Contrary to the doctrine announced in ·the Le Breton case, the mere making of sales of lots with reference to a map does not, therefore, constitute an irrevocable dedication

to the public. As between an owner of land and the public, this act alone is not sufficient to constitute dedication. An acceptance must be had either by user or by some formal act. (See note, 57 Am. St. Rep. 753.) So far, therefore, as the Le Breton opinion can be construed as militating against the rule, it should have no weight. (*People* v. *Reed, supra.*) The rule that such act simply constitutes an offer to dedicate which does not become effectual until acceptance is reflected in a long line of cases in this state. (*People* v. *Reed, supra; Archer* v. *Salinas City,* 93 Cal. 53, [16 L. R. A. 145, 28 Pac. 839] ; *Schmitt* v. *San Francisco,* 100 Cal. 307, [34 Pac. 961] ; *Koshland* v. *Spring,* 116 Cal. 689, [46 Pac. 58] ; *Prescott* v. *Edwards,* 117 Cal. 298, [59 Am. St. Rep. 186, 49 Pac. 178] ; *Niles* v. *City of Los Angeles,* 125 Cal. 572, [58 Pac. 190] ; *City of Anaheim* v. *Langenberger, supra; City of Los Angeles* v. *McCollum,* 156 Cal. 148, [23 L. R. A. (N. S.) 378, 103 Pac. 914] ; *Eltinge* v. *Santos, supra; Elliott* v. *McIntosh, supra.*)

Here the answer denied that the streets in question had ever been opened or used as a street or public highway, or that it was ever accepted as such by the county, and it further denied that lots abutting thereon had ever been sold to any person. The effect of the allegations of the answer, therefore, is that the land in question not having been accepted is not a public street, unless it can be said that the effect of either of the orders of the board amounted to an acceptance of the offer of dedication. [6] It is not contended, nor could it successfully be, that the order of abandonment amounted to an acceptance. If it had any effect in this relation, it can be construed only as a rejection of the offer. The manifest object of the petition to the board was to remove any presumption to dedication from the record that the filing of the map or plat of the property had created, for at the time the application was made, so the complaint avers, the plaintiffs had erected a fence across the property, thereby evidencing their intention to revoke the offer of dedication. [7] The only effect, if any, of this order of the board rescinding its vacating order was to leave the matter in the condition it was prior to the order of abandonment, and at that time, as above shown, the offer of dedication had been withdrawn. [8] The only other act or circumstance that could possibly be construed

as an acceptance is the filing of the present action, but the mere filing of this action thirteen years after the offer was made, and after it was rescinded, can in no manner be construed as an acceptance. (*City of Anaheim* v. *Langenberger,* 134 Cal. 611, [66 Pac. 855].) There is, therefore, nothing so far as the pleadings show that would in any manner indicate an acceptance of the offer of dedication.

[9] It might be said in conclusion that it is very doubtful if the board had power to set aside the order abandoning the highway. If we assume that the streets and portions thereof in question had become highways, there is no question but that the board of supervisors, acting in its legislative capacity, had the power to abandon the rights of the public therein (Pol. Code, sec. 2643), and no petition was necessary to bring about this action. (*Symons* v. *San Francisco,* 115 Cal. 555, [42 Pac. 913, 47 Pac. 453]; *Brown* v. *Board of Supervisors,* 124 Cal. 274, [57 Pac. 82]; *Swift* v. *Board of Supervisors,* 16 Cal. App. 72, [116 Pac. 317].) Having done so, the proffered easement reverted, and the land thereby became the private property of the dedicator. (*Keena* v. *Board of Supervisors,* 89 Cal. 11, [26 Pac. 615].) In the absence of a new offer of dedication the only manner in which plaintiff could again acquire the property would be by condemnation proceedings.

It is true that the complaint alleged fraud in the procurement of the abandoning order, but this is denied in the answer, and judgment having been had on the pleadings, this denial stands admitted as true. The conclusion we have reached that there was no acceptance of the offer makes further discussion of this question unnecessary.

From what we have said it follows that the judgment should be, and it is hereby, reversed.

Wilbur, J., Sloane, J., and Lennon, J., concurred.