[Civ. No. 5955. Second Appellate District, Division One.—October 24, 1928.]

LOS ANGELES CITY HIGH SCHOOL DISTRICT OF LOS ANGELES COUNTY, Respondent, v. TERESA KENNARD et al., Appellants.

Hill, Morgan & Bledsoe and John W. Maltman for Appellants.

Everett W. Mattoon, County Counsel, and Pierce Works and Homer I. Mitchell, Deputies County Counsel, for Respondent.

CRAIL, J., *pro tem.*—In this action the School District, the plaintiff, obtained an interlocutory decree condemning for public use certain property, which it alleged was already subject to an easement for road purposes. It was the contention of the appellants and defendants on the trial that the property was not already subject to an easement for public purposes. But the trial court found against the defendants on this question and awarded damages on that basis.

On October 31, 1894, a map known as Maltman's First Street Addition was recorded by the owner in the county

recorder's office, showing Park Drive platted thereon. Park Drive included the parcel of land in question. At that time the property was outside the city, but it was annexed on April 2, 1896.

On February 15, 1897, an ordinance was adopted by the city changing the name from Park Drive to Juanita Street. Again, on December 27, 1897, it changed the name to Juanita Avenue. On December 30, 1899, the owner recognized the street under its new designation by conveying certain property, describing one of the boundaries as "the center line of Juanita Avenue, formerly Park Drive, as shown on the map" above described. And on October 7, 1901, the city passed an ordinance accepting generally all streets which had been theretofore offered to be dedicated in the city. Never at any time has the property actually been used as a street.

Appellants rely upon "five theories of defense," as follows: (1) That the offer of dedication was revoked before acceptance by the city; (2) that there never was a valid acceptance of the offer of dedication; (3) that, if accepted, the easement was impliedly abandoned; (4) that the award was too small if no easement existed; (5) that the award was too small if the easement existed.

It is axiomatic that it is the province of the trial court to find questions of fact and of the appellate court to review errors of law. This court will not exercise the functions of a jury. While the question of the sufficiency of the evidence, as a matter of law, to support a finding may be presented to this court for review, its duty in that event is to determine whether or not there is some substantial evidence to support the finding. The court will not weigh the evidence, nor pass upon the credibility of the witnesses; and it will not substitute its judgment on these matters for that of the trial court. Even where there is no conflict in the evidence, if the inferences fairly deducible from the facts and circumstances in evidence are such that different conclusions might reasonably be drawn therefrom, the conclusion drawn by the trial court should not be disturbed. (*MacDermot* v. *Hayes,* 175 Cal. 95 [170 Pac. 616].)

There was no formal revocation of the offer of dedication. Appellants rely upon certain acts of the owner

which they claim indicate an intention to revoke the offer. It is the contention of appellants that a wire fence was built across the premises after the offer was made, which prevented ingress and egress upon the property. It is the contention of respondent that the wire fence was built prior to the offer of dedication for the purpose of keeping cattle on a large tract of land and without any thought of revoking the offer of·dedication; and this is a reasonable inference from the evidence. While there is some evidence which indicates the owners' intention to revoke the offer, there are other facts and circumstances in evidence from which the inference may reasonably be drawn that he did not intend to revoke his offer.

It is appellants' contention that there was no valid acceptance of the offer of dedication because it was not accepted within a reasonable time. But what is a reasonable time depends upon the facts and circumstances of each particular case. It is a question of fact for the determination of the trial court and we would not be justified in reversing the finding of that court in this regard.

What has been said heretofore applies with equal force to appellants' contention that the easement, if accepted, was impliedly abandoned, and as to the amount of the award, either without or with the existence of an easement. There was substantial evidence to sustain the findings of the trial court on all the above matters.

Judgment affirmed.

Houser, Acting P. J., and York, J., concurred.