[Civ. No. 11707. First Dist., Div. One. Oct. 29, 1941.]

## CITY OF SANTA CLARA, Appellant, v. L. IVANCOVICH et al., Respondents.

Charles A. Thompson, Robley E. Morgan and L. D. Bohnett for Appellant.

Owen D. Richardson for Respondents.

WARD, J.—Plaintiff and appellant, a municipal corporation, brought suit in ejectment against defendants and respondents to recover possession of a strip of land which appellant claims was dedicated to the public for street purposes. The present appeal is taken from a judgment for defendants which found against the dedication, and, upon the cross-complaint of defendant Katherine Ivancovich, decreed her to be the owner of the property in question and quieted her title thereto against plaintiff.

The strip of land involved is located in the city of Santa Clara. It is 241 feet long and 40 feet wide, and, commencing at Scott Street, constitutes a *cul-de-sac* at the northerly end of Alviso Street. It has never been improved or used as a street, and for a long period of years has been fenced with adjoining land.

The facts as set forth by appellant are undisputed and appear chronologically as follows: F. Garrigus and Avis Garrigus, his wife, filed a declaration of homestead upon the property occupied by them as a home June 8, 1867. The property described in this homestead was later subdivided as the Garrigus Addition, and included the strip of land involved in this action. On April 14, 1890, F. Garrigus recorded in the office of the County Recorder of Santa Clara County a map of the Garrigus Addition to the town of Santa

Clara. Appended to the map, and a part of said record, is a certificate reading as follows: "I hereby certify that I am the proprietor of the tract of land shown and delineated on the map hereto attached, that said tract has been laid out and the blocks and lots numbered according to my instruction; that the attached map fully and faithfully represents said tract, its name and its subdivision, and I hereby dedicate the streets, (roads), alleys and squares as shown on the accompanying map to the use of the public forever." At the time of the filing of the map purportedly dedicating the street to the use of the public, Avis Garrigus, the wife of F. Garrigus, was living.

On April 25, 1891, Finley Garrigus and Avis H. Garrigus, his wife, made and acknowledged a deed to J. L. Ivancovich, which was recorded April 25, 1891. In this deed the land conveyed is described by lot numbers, referring to the recorded map of the Garrigus Addition, and also by metes and bounds, and in the metes and bounds description one boundary consists of the line of that portion of Alviso Street which is the subject of this action. On the 28th day of March, 1893, Finley Garrigus and Avis H. Garrigus, his wife, made and acknowledged a deed to J. and L. Ivancovich, which deed was thereafter recorded. In this deed, as in that above mentioned, the property conveyed was described by lot numbers, referring to the map of the Garrigus Addition, and also by metes and bounds; and in the metes and bounds description one boundary constitutes a boundary of that portion of Alviso Street which is the subject of this action. Neither of these deeds includes within the description any part of said strip of land here involved. At various other times Finley Garrigus and Avis H. Garrigus, his wife, made and acknowledged deeds to various grantees wherein the property conveyed, as in the deeds above, is described by reference to the aforesaid map of the Garrigus Addition.

On January 11, 1915, the Board of Trustees of the town of Santa Clara adopted an ordinance determining and fixing the grades of streets in the town of Santa Clara, which ordinance adopted an official grade map of the streets showing the extension of Alviso Street through the Garrigus Addition. On the first day of October, 1928, the Board of Trustees of the city of Santa Clara passed a resolution approving a diagram prepared by the city engineer in connection with the building

of a water distribution system for the city of Santa Clara. On the 18th day of December, 1930, the Board of Trustees of the city of Santa Clara passed a resolution adopting plans and specifications and map of assessment district in connection with certain street work. The map of the assessment district so adopted shows Alviso Street open its full length, including the strip of land here in question. On the 20th day of September, 1937, the Board of Trustees of the city of Santa Clara adopted a resolution ''Accepting all streets, alleys, lanes and ways within the corporate limits of the city, which have been dedicated or offered for dedication by owners.''

On March 12, 1937, L. Ivancovich, also known as Luke Ivancovich, being one of the grantees in the above mentioned deeds from Garrigus and his wife, conveyed to the respondents herein, other than L. Ivancovich, the property theretofore acquired by him in the Garrigus Addition. In this deed between respondents, the property conveyed is described both by metes and bounds, and by lot numbers and reference to the above mentioned map of the Garrigus Addition. In the metes and bounds description one boundary is described as ''the northeasterly line of Alviso Street.'' No part of the strip of land here involved is included within the description, but the property is described by reference to the map and by metes and bounds bordering upon each side of said strip of land. On the 23rd day of October, 1937, Hazel Call, successor in interest of the above mentioned Finley Garrigus and Avis H. Garrigus, made a quitclaim deed of the property involved to Katherine Ivancovich, one of the respondents, which deed was recorded on the 16th day of November, 1937.

The land here involved was never assessed for either city or county taxes during the twenty-five years next preceding the trial of the case, nor was it ever returned for assessment by any party claiming ownership thereof. Nor was said strip assessed for improvements upon other streets in the neighborhood although it was within the assessment district. It is not disputed that all streets shown upon the map of the Garrigus Addition, *except that portion of Alviso Street which is in dispute herein,* have been used by the public for many years, presumably from the time the first lots were sold, and that said streets have been graded and graveled by the city of Santa Clara, and water and other utilities installed therein

and street lights maintained thereon. It is also undisputed that utilities have not been installed on or within the strip of land in question, which has not been graded or graveled, and *has been separated from the remaining portion of Alviso Street by a fence.*

The judgment of the trial court quieting title to the strip upon the cross-complaint of Katherine Ivancovich as owner, was based in part upon the above mentioned Call quitclaim deed to the property. The question involved on this appeal is stated by appellant as follows: "When an owner of land within an incorporated city records a subdivision map of his lands, designating thereon certain streets, being extensions of existing streets, and expressly dedicates said streets to public use, and said owner and his wife thereafter join in executing deeds which describe the property conveyed by reference to said map, and also by bounding the lands conveyed on streets shown on said map, and the streets so shown are opened and used except for a short section of one of them, and the City Council, before any revocation of the offer to dedicate, passes a resolution accepting all streets which have been dedicated or offered for dedication,—is not dedication of the entire street complete?"

Owners must clearly and unequivocally manifest an intention of dedication. (*Manhattan Beach* v. *Cortelyou,* 10 Cal. (2d) 653 [76 Pac. (2d) 483].) The certificate appended to the map recorded in 1890 contained express words of dedication. However, the recording of the map, or the certification alone by the husband in the present case, did not constitute a complete dedication, assuming acceptance by the city. The land shown on the map recorded in 1890 was impressed with a homestead. Avis H. Garrigus, the wife of Finley Garrigus, sometimes referred to as F. Garrigus, did not participate in the execution of the purported dedication. (*Cordano* v. *Wright,* 159 Cal. 610 [115 Pac. 227, Ann. Cas. 1912C, 1044]; *San Francisco* v. *Grote,* 120 Cal. 59 [52 Pac. 127, 65 Am. St. Rep. 155, 41 L. R. A. 335].)

As stated, subsequent to the purported dedication without the signature of the wife, various lots were conveyed by the husband and wife to other parties, deeds for which described the land conveyed by reference to the map. In two of the deeds to respondents' predecessors in interest, the conveyances setting forth the descriptions by metes and bounds re-

ferred to Alviso Street as a boundary line. Appellant contends that when owners of land convey portions thereof by deeds containing a reference to a recorded map, such map is thereby adopted as their own, and the adoption includes an irrevocable express dedication as set forth on the face of the map regardless of whether they made and recorded the map.

In *County of Inyo* v. *Given,* 183 Cal. 415, 418-419 [191 Pac. 688], the court said: "Considering a dedication as a voluntary transfer of an interest in land, it partakes both of a nature of a grant and of a gift, and is governed by the fundamental principles which control such transactions. Hence, a dedication, like a contract, consists of an offer and acceptance, and it is settled law that a dedication is not binding until acceptance, proof of which must be unequivocal (18 Corpus Juris, p. 72). The acceptance may be actual or implied. It is actual when formal acceptance is made by the proper authorities, and implied, when a use has been made of the property by the public for such a length of time as will evidence an intention to accept the dedication. (*Elliott* v. *McIntosh,* 41 Cal. App. 763 [183 Pac. 692].) Two things, however, are necessary to complete dedication, an offer and acceptance. A dedication without acceptance is, in law, merely an offer to dedicate, and such offer does not impose any burdens nor confer any rights, unless there is an acceptance. The rule therefore is, that acceptance on the part of the public is necessary to a valid dedication of land as a highway (1 Elliott on Roads and Streets, sec. 122; 8 R. C. L., p. 898). . . . That some confusion exists in the authorities in this state where the subject has received consideration there can be no doubt. Some of the cases confuse the doctrine of dedication with other doctrines pertinent only to private inter-relations growing out of sales. The case of *Town of San Leandro* v. *Le Breton,* 72 Cal. 170 [13 Pac. 405], is of such a character. It is there held that where an owner of land lays off a town and makes a map thereof showing it to be divided into streets, alleys and lots, and then sells lots with reference to such map, he thereby makes an irrevocable dedication of the space represented on the map as streets, to the use of the public, and that in such a case no formal acceptance is necessary by the town authorities. The rule announced in this case is mere *dictum,* as it appeared that there was an acceptance. The rule declared in that case is

one of constructive dedication, and undoubtedly could be invoked in an action between the dedicator and his grantees. But the purchasers here, if there be any, are not complaining. . . . There is a distinction between the rights accruing to the public generally and the purchasers of lots according to a map upon an offer of dedication. (*Eltinge* v. *Santos,* 171 Cal. 278 [152 Pac. 915] ; *People* v. *Reed,* 81 Cal. 70, 79 [15 Am. St. Rep. 22, 22 Pac. 474].) As before stated, so far as the public is concerned, there must be an acceptance to complete an offer of dedication." (*Manhattan Beach* v. *Cortelyou, supra; Diamond Match Co.* v. *Savercool,* 218 Cal. 665 [24 Pac. (2d) 783] ; *Brown* v. *Bachelder,* 214 Cal. 753 [7 Pac. (2d) 1027] ; *People* v. *Rio Nido Co., Inc.,* 29 Cal. App. (2d) 486 [85 Pac. (2d) 461].) "It is not a trivial thing to take another's land, and for this reason the courts will not lightly declare a dedication to public use." (*San Francisco* v. *Grote, supra,* p. 62; *Manhattan Beach* v. *Cortelyou, supra.*)

 Conceding that the deeds to various parcels executed by the husband and wife were sufficient evidentially upon which to base a conclusion that there was an offer of dedication, the question arises, was there an acceptance? An acceptance may take place through user by the public or by formal resolution of acceptance.

 The question of actual use by the city of the particular strip in dispute may be disposed of immediately. It was never actually improved as a street. It has been enclosed by a fence, and no objection in that regard has been made by the city during a period of forty years. Appellant calls attention to the fact that the city has taken over Alviso Street, south of Scott Street, by user; that water mains have been installed; that the street has been graveled at public expense and is being used for public travel; that where there has been an acceptance by user of a portion of a road, there is an acceptance of the road in its entirety. The question is purely a factual one (*Yuba City* v. *Consolidated Mausoleum Syndicate,* 207 Cal. 587 [279 Pac. 427, 66 A. L. R. 318]) to be determined by the circumstances in each case, including the extent of use of the area in length or width, and the time that may have elapsed between an offer to dedicate and acceptance, express or implied. In the present case there was no use of the strip at all and no express acceptance until 1937, a question which will be hereafter discussed. In *San Fran-*

*cisco S. Co.* v. *Contra Costa County,* 207 Cal. 1 [276 Pac. 570], it was held that ordering work "done" and the actual completion thereof constituted an acceptance of an offer of dedication. In the present case no improvement of the strip for street purposes was performed. This is not a case wherein it was necessary to obtain sufficient width to install improvements for a street, but a matter of the prolongation of a street. Its continuation would not result in a street beyond the strip, but simply result in a so-called blind street.

▇ The rule that the acceptance of a portion of the road is an acceptance of it in its entirety (*Santa Ana* v. *Santa Ana Val. Irr. Co.,* 163 Cal. 211 [124 Pac. 847]; *Wolfskill* v. *County of Los Angeles,* 86 Cal. 405 [24 Pac. 1094] is dependent upon the facts of the case.

▇ Appellant contends that there were many formal acceptances of the purported offer to dedicate the strip. Attention is called to an ordinance passed in 1915 adopting an official grade map, including therein Alviso Street for its full length as delineated on the Garrigus map. In 1928 an official assessment district map was adopted for the purpose of levying assessments to pay for water mains; this also showed Alviso Street as outlined on the Garrigus map. In 1930 another map giving to Alviso Street the same length as the Garrigus map was adopted for the purpose of levying assessments to pay for street improvements. Whether there was an implied acceptance through passage of ordinances and the adoption of resolutions was a question of fact. The trial court in the findings followed to a great extent the issues raised by the pleadings. There is no direct finding that there was not a formal or implied acceptance. Appellant's contention that the resolution and ordinance constituted a formal acceptance is untenable. ▇ Whether there was an implied acceptance is a question of fact. It would appear that the city intended and prepared to accept, but the acceptance was not final. Nor does the evidence establish essential elements as set forth in *San Francisco S. Co.* v. *Contra Costa County, supra,* namely, "ordering of the work 'done' and the completion thereof." The existing facts do not require a holding as a matter of law that the purported offer was accepted, and we may not interfere with the trial court's reasonable determination of such facts.

■ No taxes were paid on the strip. Where no taxes are assessed, the failure to make tax payments will not prevent title by adverse possession. (*Brown* v. *Bachelder, supra.*)

Respondents or some of them were parties to a deed *inter se,* dated March 12, 1937, in which a boundary is given as Alviso Street. The conveyance of lots with reference to a recorded map may be considered as evidence of a ratification of a former dedication. The evidence in this case does not show a completed dedication. The original purported dedication was insufficient.

■ Subsequent to the last mentioned deed the board of trustees of appellant city adopted a resolution in which it is declared that all streets, lanes, etc. ''which have been dedicated or offered for dedication by the owners thereof for the use of the public are hereby accepted and declared to be public streets.''

Appellant's final argument is that this resolution, sufficient in form (*City of Eureka* v. *Armstrong,* 83 Cal. 623 [22 Pac. 928, 23 Pac. 1085]), accepting dedication and offers to dedicate, was a valid and sufficient acceptance of the disputed area as a public street. Up to this period there was neither dedication, offer to dedicate, nor an acceptance, express or implied. Assuming that the evidence introduced warranted a deduction that there had been an offer to dedicate, the acceptance thereof must be within a reasonable period. ''Of course, there can be no acceptance of an offer of dedication before it is made or which has never been made. . . . It is the rule that an acceptance of an offer of dedication must take place within a reasonable time after the offer was made. What constitutes a reasonable time depends, of course, upon the circumstances of each case. It has been held, however, that a delay from two to four years was not, but that a delay of nine years or longer was, unreasonable.'' (9 Cal. Jur. 55, 56; *Los Angeles City High School Dist.* v. *Kennard,* 94 Cal. App. 450 [271 Pac. 342] ; *Niles* v. *City of Los Angeles,* 125 Cal. 572 [58 Pac. 190] ; *City of Anaheim* v. *Langenberger,* 134 Cal. 608 [66 Pac. 855] ; *Inyo County* v. *Given, supra.*)

The property being impressed with a homestead, and, in filing the map, the wife having failed to join in the dedication, such attempted dedication was void. Assuming that the actions of respondents and their predecessors in interest may have given some color to the claim of ratification, the formal

acceptance by the board of trustees of the municipality of the streets so dedicated to public use, the resolution fixing the grade of the streets, the approval of a diagram for a water system, and the creation of an assessment district for street work, made respectively forty-seven, twenty-four, thirty-eight and forty years after the filing of the map, cannot be said to have taken place within a reasonable time after the filing of such map or the purported ratification, or a new offer to dedicate evidenced by conduct. There was never an acceptance of the disputed strip by user.

The judgment is affirmed.

Peters, P. J., and Knight, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 22, 1941.