[Civ. No. 18110.  First Dist., Div. Two.  Nov. 5, 1958.]

HUGO QUACCHIA et al., Respondents, v. COUNTY OF SANTA CRUZ, Appellant.

Ray J. Scott, County Counsel, for Appellant.

J. Elwood Andresen for Respondents.

DRAPER, J.—Defendant county appeals from decree quieting plaintiffs' title to land.

On March 25, 1941, final subdivision map of Tract 48, Bear Creek Knolls, was filed for record by respondents' predecessor in interest. The land here in issue is shown on that map as a part of Mesa Drive. The map bears the offer of the subdividers to dedicate land for the public streets shown on the map, and also bears the certificate of the county clerk that the map had been approved by the board of supervisors, but that the offers of dedication for street purposes were rejected. The resolution of the board rejecting the offered dedication was dated March 24, 1941. In 1948, respondents acquired title to this land by quitclaim deed. By resolution of October 23, 1956, the supervisors rescinded their 1941 rejection and ac-

cepted the dedication of Mesa Drive as a public street. Respondents promptly filed this action to quiet title.

Respondents assert that both offer and acceptance are necessary to complete a dedication, that the offer remains open only for a reasonable time and terminates if not accepted within such time. (*City of Santa Clara* v. *Ivancovich,* 47 Cal.App.2d 502 [118 P.2d 303] ; *County of Inyo* v. *Given,* 183 Cal. 415 [191 P. 688].) They contend that the 15-year delay was unreasonable, that the offer had therefore terminated before the 1956 acceptance, and that such acceptance had no effect. This contention would warrant serious consideration if this case concerned a common-law dedication.

But in this case, unlike those cited by respondents, the offer of dedication was made after the effective date of the Subdivision Map Act of 1937 (Stats. 1937, chap. 670, p. 1863). This act (now Bus. & Prof. Code, § 11500 et seq.) specifically governs the dedication of streets by subdivision map. It provided (§ 20, now Bus. & Prof. Code, § 11616) that "If at the time the final map is approved any streets . . . are rejected, the offer of dedication shall remain open and the (board of supervisors) may by resolution *at any later date,* and without further action by the subdivider, rescind its action and accept and open said streets . . . for public use . . . " (Italics added.)

That act, rather than the common-law rule, governs subdivisions created after its adoption. (*Stump* v. *Cornell Construction Co.,* 29 Cal.2d 448 [175 P.2d 510] ; *County of Orange* v. *Cole,* 96 Cal.App.2d 163 [215 P.2d 41].) The offer of dedication can be revoked only by the filing and approval of a resubdivision map or a reversion to acreage, as specified in the act. Neither sale of the land offered for dedication (*Stump* v. *Cornell Construction Co., supra*), nor attempted express revocation (*County of Orange* v. *Cole, supra*) terminates the offer for dedication. Such revocation can be made only in the manner provided by the act. Thus respondents are bound by their predecessor's offer to dedicate.

Respondents, however, argue that they have acquired title by adverse possession. While the right to acquire such title to land dedicated to a public use is doubtful (*Hoadley* v. *San Francisco,* 50 Cal. 265, 275 ; *County of Sacramento* v. *Lauszus,* 70 Cal.App.2d 639, 651 [161 P.2d 460] ), we find it unnecessary to pass upon that question of law. Even if respondents could acquire title to this land by adverse possession, there is no finding of fact to warrant a conclusion that such title was

772

acquired, and the settled statement on appeal shows no facts to support such a finding.

Judgment reversed, with directions to the trial court to enter judgment in favor of appellant as to Parcel III. Appellant's briefs specifically refrain from raising any contention against the judgment as it relates to the other two parcels as to which the case was tried, and this decision affects only the portion of the judgment relating to Parcel III.

Kaufman, P. J., and Martinelli, J. pro tem.,* concurred.

A petition for a rehearing was denied December 5, 1958, and respondents' petition for a hearing by the Supreme Court was denied December 30, 1958. Carter, J., and Schauer, J., were of the opinion that the petition should be granted.

*Assigned by Chairman of Judicial Council.