STATE of Alaska, Appellant,

v.

FAIRBANKS LODGE NO. 1392, LOYAL
ORDER OF MOOSE, Appellee.

No. 5294.

Supreme Court of Alaska.

Oct. 2, 1981.

William R. Satterberg, Jr., Asst. Atty.
Gen., Fairbanks and Wilson L. Condon,
Atty. Gen., Juneau, for appellant.

Doris Loennig, Fairbanks, for appellee.

Before RABINOWITZ, C. J., and CON-
NOR, BURKE, MATTHEWS and COMP-
TON, JJ.

## OPINION

PER CURIAM.

Fairbanks Lodge No. 1392, Loyal Order of the Moose (Lodge), brought an action for inverse condemnation against the state to recover compensation for a parcel of land located in Tract A of the original Fairbanks townsite used by the state in a 1974 highway project. The state claimed that the land in question had been dedicated to public use in 1957 by two plat maps recorded in November of that year, and thus no compensation needed to be paid. The Lodge moved for partial summary judgment on the issue of the legal effect of one of those plats. The motion was granted, leading to the entry of a stipulated judgment against the state, which reserved its right to appeal the court's ruling. This appeal followed.

The Lodge's predecessor in interest to Tract A was Independent Lumber, Inc. Charles Ellis, president of Independent Lumber in 1957, testified that he and two other Fairbanks entrepreneurs planned to subdivide the tract into building lots. The developers were unable to obtain financing, however, and as a result the plan was abandoned a year later.

Before the plan was dropped, two plat maps were filed with the Fairbanks District Recorder's Office concerning Tract A and an adjacent block of land also owned by Independent Lumber. One of these, Document No. 176266, is a map of Tract A and the adjacent block, which divides Tract A and the block into lots and shows the location of proposed streets. A boxed caption in the lower right hand corner of the document states "Subdivision of a Portion— Tract A." Above this box is what purports to be a grant to the City of Fairbanks of an easement for sewer lines on "that portion of Tract A . . . shown on this plat as being part of the streets and rights-of-way of this proposed subdivision of a portion of Tract A." [1]

When preparing for its highway project, the state took various portions of the Lodge's property. The state compensated the Lodge for all but those portions marked as streets in Tract A on Document No. 176266. The state claims that the recordation of the plat dedicated that land to public use. The Lodge contends that the land was not in fact dedicated to public use and the Lodge is therefore entitled to compensation for the taking by the state.

The state argues that the dedication is implicit from the recordation of the plat maps and that formal defects in the recorded documents do not affect the validity of the dedication. See AS 34.25.030(a). The state further argues that the plats have been recorded for more than twenty years and it would be inequitable to deny that they created rights in the state.

■ The Lodge responds that before the recordation of a plat map can implicitly dedicate land to public use the plat must be approved by local government agencies. AS 40.15.030 provides:

> When an area is subdivided *and a plat of the subdivision is approved* and recorded, all streets, alleys, thoroughfares, parks and other public areas shown on the plat are deemed to have been dedicated to public use. [Emphasis added.]

Document No. 176266 was never approved by the Fairbanks Planning and Zoning Commission or by the Fairbanks City Council.

■ The Lodge next urges that the plat cannot be "considered approved" under AS 40.15.100 [2] because it was apparently

---

1. The second plat map filed with the recorder's office was Document No. 176267. It is a map of the blocks adjacent to Tract A, which shows planned lots and streets. The boxed caption states, "RESUBDIVISION LOTS 9, 10, 11 & 12, Blk. 107 and Tract A Lot 22, Blk. 90. PROPOSED DEDICATION OF EIGHTH AVENUE AND EXTENSION OF TENTH AVENUE." Document No. 176267 bears a formal statement of dedication signed by the Chairman of the Board of Independent Lumber, and indicates approval by the Fairbanks Planning and Zoning Commission and the Fairbanks City Council.

2. This section provided:
> The platting authority shall approve or disapprove the plat of subdivision or dedication within 60 days after it is filed, or shall return the plat to the applicant for modification or

never even submitted to the platting authority. The Lodge also argues that the grant to the city in Document No. 176266 of a utility easement does not necessarily imply a public dedication of the streets shown on the plat because the streets could remain private property. Consistent with this, the city was specifically granted a right-of-way to enter the property to maintain the utilities. We agree with this and we therefore find meritless the state's argument that the grant of a utility easement would be meaningless without a dedication of the streets for public use.

■ Finally, the Lodge argues that the statutory provision curing formal defects in the recordation of a document cannot change the document's substantive effect. AS 34.25.030(a) provides:

> A deed, contract, lease, power of attorney, mortgage or other instrument for the conveyance of real property or an interest in real property, or pertaining to a right, title or interest in real property, heretofore or hereafter signed and delivered by a person in good faith, as grantor, lessor, mortgagor, or maker, is validated and is sufficient in law for the purpose for which the instrument was executed and delivered, although the instrument is otherwise defective as to form, if no suit is filed in a court of record in the judicial district in which the property is located within 10 years from the date of the instrument to have the instrument set aside, altered, changed or reformed.

We agree with the Lodge that the plat's failure to dedicate the lands marked as streets for public use is not a defect in form that could be cured by this section.

We conclude that Document No. 176266 is insufficient to constitute a dedication of the lands marked as streets. This result is not changed by any curative statutes. Repealed AS 40.15.100, which was in effect at the time the plat map was filed and which is relied upon by the state, cannot be used to validate a plat that was not submitted to the platting authority. Furthermore, AS 34.25.030(a) only cures defects in form and not omissions in content and thus the section is irrelevant to this action.

■ The state also argues that by operation of the common law the streets shown on the plats became dedicated public streets "by virtue of public acceptance of the dedication." Common law dedication takes place when an offer to dedicate is accepted. *See, e. g., Miller v. Fowle,* 92 Cal.App.2d 409, 206 P.2d 1106 (1949); *City of Santa Clara v. Ivanovich,* 47 Cal.App.2d 502, 118 P.2d 303, 307 (1941); *Watson v. City of Albuquerque,* 76 N.M. 566, 417 P.2d 54 (1966); *Hendrickson v. City of Astoria,* 127 Or. 1, 270 P. 924 (1928); *City of Spokane v. Catholic Bishop of Spokane,* 33 Wash.2d 496, 206 P.2d 277 (1949). Here, assuming arguendo that filing the plat may stand as an offer to dedicate the streets shown on the plat,[3] there was no showing that the offer was ever accepted. Acceptance, in this context may occur through a formal official action or by public use consistent with the offer of dedication or by substantial reliance on the offer of dedication that would create an estoppel. *Litvak v. Sunderland,* 143 Colo. 347, 353 P.2d 381 (1960); *City of Carlsbad v. Neal,* 56 N.M. 465, 245 P.2d 384 (1952); *Tinaglia v. Ittzes,* 257 N.W.2d 724 (S.D.1977). In the present

correction within 60 days from the date of filing. *If the platting authority does not approve, disapprove or return the plat to the applicant, the plat is considered approved and a certificate of approval shall be issued by the platting authority on demand.* The applicant for plat approval may consent to the extension of the period for action by authority. The reason for disapproval of a plat shall be stated upon the records of the platting authority.

AS 40.15.100 (repealed by ch. 118, § 1, SLA 1972) (emphasis added).

3. Charles Ellis, president of Independent Lumber, testified that the company's intent to dedicate land for streets was, like the entire subdivision plan, conditioned on obtaining financing for a development project, which did not occur. A court can, however, find an intention to dedicate land based upon objective facts in spite of testimony as to a subjective intent to the contrary. *See e. g., Tinaglia v. Ittzes,* 257 N.W.2d 724 (S.D.1977); 6 R. Powell, The Law of Real Property § 935 at 368–69 (Rohan rev.ed. 1977).

case there was nothing that could be considered an act of acceptance. The state conceded that it would have built the highway project in exactly the same fashion regardless of the plat and thus no detrimental reliance occurred that would give rise to an estoppel argument. Accordingly, no common law dedication occurred.

AFFIRMED.