[Civ. No. 40579. First Dist., Div. Three. Jan. 26, 1978.]

KENNETH D. BENITEZ, Plaintiff and Appellant, v.
CITY AND COUNTY OF SAN FRANCISCO,
Defendant and Respondent.

**COUNSEL**

Redland, Elder & Pinney and Van H. Pinney for Plaintiff and Appellant.

Thomas M. O'Connor, City Attorney, and B. Timothy Murphy, Deputy City Attorney, for Defendant and Respondent.

**OPINION**

**TERRY, J.*—**Appellant appeals a judgment for defendant City and County of San Francisco in an action for personal injuries.

---

*Assigned by the Chairperson of the Judicial Council.

## FACTS

Counsel before the trial court agreed that the trial could be bifurcated and the issue of liability be determined by the court upon certain stipulated facts with the issue of damages to be thereafter determined.

Appellant sustained personal injuries on March 12, 1971, as a result of his automobile hitting certain obstructions and ruts on Hawes Street between Hollister and Ingerson Streets in the City and County of San Francisco. The one block of Hawes Street where the accident occurred was dedicated as a public street to the City and County of San Francisco by the subdivider but it was never accepted or maintained by the city and county as a street. The street was used for general flow of traffic for the statutory period to acquire a right of prescription, to wit, 20 years. Two photographs were admitted showing the condition of Hawes Street and a street sign erected by respondent City and County of San Francisco at the corner of Hawes and Hollister.

*Is the city immune from liability for damages caused by defects in a street which has not been accepted into the city street system by resolution of the board of supervisors?*

■ Appellant contends that the erection of a street sign constitutes acceptance.

The California Supreme Court "in *Union Transp. Co.* v. *Sacramento* (1954) 42 C.2d 235, 267 P.2d 10, made a sharp distinction between acceptance for purposes of the public right to use the road, which may be by user alone . . . and acceptance which imposes a duty of maintenance and liability for dangerous or defective conditions under the Tort Claims Act. . . . A bridge with rotting timbers was originally part of a private road. Plaintiffs' truck was damaged when the bridge collapsed, and they sued the County of El Dorado. The court rejected the theory that acceptance by user alone would impose liability. '[A]lthough elected officials are merely agents of the public, they are the only means by which the public may act, and to permit a small segment of the public by use of a private way to impose the burden of maintaining it upon the general public would be in dereliction of the powers of the elected officials, and permit the establishment of public roads in undesirable places.' (42 C.2d 244.) [¶] . . . In the *Union* case, supra, the court held that, although *official action* is required, it need not be a *formal act.* So, where the county's superintendent of roads dispatched equipment to the

road to make repairs, this action in assuming control of the road supported an inference that the county impliedly had accepted the dedication." (3 Witkin, Summary of Cal. Law (8th ed. 1973) Real Property, § 74, p. 1830.)

This holding, however, was nullified by 1955 legislation amending Streets and Highways Code section 941 and 1957 legislation adding Streets and Highways section 1806. At the time *Union Transportation* was decided, section 941 read as follows: "Boards of supervisors shall by proper order cause those highways which are necessary to public convenience to be established, recorded, constructed, and maintained in the manner provided in this division." During the next legislative session, in 1955, the Legislature amended section 941 to add a second paragraph which reads: "No public or private road shall become a county highway until and unless the board of supervisors, by appropriate resolution, has caused said road to be accepted into the county road system; nor shall any county be held liable for failure to maintain any road unless and until it has been accepted into the county road system by resolution of the board of supervisors."

Section 1806 of the Streets and Highways Code as adopted by the 1957 Legislature provides: "No public or private street or road shall become a city street or road until and unless the governing body, by resolution, has caused said street or road to be accepted into the city street system; nor shall any city be held liable for failure to maintain any road unless and until it has been accepted into the city street system by resolution of the governing body." The obvious inference that the amendment to section 941 was intended as a legislative overruling of *Union Transportation* is confirmed by the Attorney General of California in the following portion of an opinion, which also points out the similarity between section 941 and section 1806: "Section 941 of the Streets and Highways Code, quoted above, provides that no 'public or private road' shall become a 'county highway' except by resolution of the Board of Supervisors including such road in the 'county road system.' A similar provision appears in Streets and Highways Code section 1806 with respect to city streets. Section 941 also provides that absent such formal acceptance into the county road system, the county shall not 'be held liable for failure to maintain any road.' The provision of section 941 relieving counties from liability for failure to maintain a public street unless it has been included within the county road system by a formal resolution was added in 1955 (Stats. 1955, ch. 1219, p. 2232) after the decision in *Union Transportation Co. v. Sacramento County,* 42 Cal.2d 235 (1954) holding a county liable

for failure to repair a public road not in the county road system." (47 Ops.Cal.Atty.Gen. 191, 193 (1966).)

It is clear from the foregoing that the Legislature in enacting section 1806 clearly intended to immunize a city from liability in situations such as that presented by the case before this court.

■ Appellant also asks this court to hold that respondent City and County of San Francisco, having erected the street sign pictured in appellant's photographs, is now estopped from claiming that it did not accept the dedication of Hawes Street.

"[I]n order to establish the claim or defense based on equitable estoppel there must be: (1) a *representation or concealment of material facts;* (2) made with knowledge, actual or virtual, of the facts; (3) to a party ignorant of the truth; (4) *with the intention that the latter act upon it;* and (5) *the party must have been induced to act upon it (California Milling Corp.* v. *White* (1964) 229 Cal.App.2d 469, 479 [40 Cal.Rptr. 301]. [Citations]; 7 Witkin, Summary of Cal. Law (1974 ed.) § 132, pp. 5351-5352). Where one of these elements is missing there can be no estoppel *(Transport Clearings-Bay Area* v. *Simmonds* (1964) 226 Cal.App.2d 405, 529 [38 Cal.Rptr. 116]; [citation]; 7 Witkin, Summary of Cal. Law, *supra).* It is likewise settled that equitable estoppel is a question of fact which must be pleaded and proved *(General Motors Accept. Corp.* v. *Gandy* (1927) 200 Cal. 284, 295 [253 P. 137]; [citation]; 3 Witkin, Cal Procedure (2d ed.) § 944, p. 2524)." *(California Sch. Employees Assn.* v. *Jefferson Elementary Sch. Dist.* (1975) 45 Cal.App.3d 683, 692-693 [119 Cal.Rptr. 668].)

Appellant did not plead or prove equitable estoppel. Nothing was said concerning this theory in the lower court. Appellant has not shown that erecting the sign was a representation that Hawes Street is a city maintained street, nor that respondent City and County of San Francisco intended him to act on this representation, nor that he relied upon the sign as an indication that Hawes was a city maintained street, nor that he had no knowledge that respondent City and County of San Francisco had declined to accept the dedication of Hawes Street. The very appearance of the street as depicted in appellant's exhibits casts doubt on the credence of appellant's recently asserted claim that he relied upon

the street sign as proof that this dirt road was a city-maintained street. Appellant's estoppel argument is clearly without merit.

The judgment is affirmed.

Scott, Acting P. J., and Feinberg, J., concurred.