[Civ. No. 25772. Third Dist. Mar. 7, 1986.]

A. TEICHERT & SON, INC., Petitioner, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent;
JOHN D. GUMPERT et al., Real Parties in Interest.

658

**COUNSEL**

Bailey & Brown and F. Eugene Bailey for Petitioner.

No appearance for Respondent.

Kenny N. Giffard for Real Party in Interest.

**OPINION**

**PUGLIA, P. J.**—Petitioner, A. Teichert & Son, Inc. (Teichert), seeks a writ of mandate directing respondent superior court to grant its motion for summary judgment. (Code Civ. Proc., § 437c, subd. (*1*)) We shall issue the writ.

The basic facts are not in dispute. Robert Gumpert was fatally injured on September 15, 1985, in front of the entrance to Teichert's plant on State Highway 16 (Jackson Road) in Sacramento County. Gumpert was riding a bicycle westbound along the shoulder of the road and collided with a dump truck which was turning left from the eastbound lane of Jackson Road into Teichert's property. The truck was driven by real party in interest, Jewell W. Farmer.

A wrongful death action was subsequently filed by real party in interest John D. Gumpert (plaintiff), Robert's father. The complaint named Teichert, Farmer, and the State of California as defendants. Two causes of action are stated against Teichert. The first cause of action seeks recovery from Teichert on the theory that it is vicariously liable for the alleged negligence of Farmer. The third cause of action asserts that Teichert is directly liable because it ". . . negligently, recklessly and wantonly owned, maintained, controlled, and operated . . ." its Jackson Road rock and gravel plant. Teichert moved for summary judgment and summary adjudication of certain disputed issues. Teichert's motion for summary judgment was premised on two arguments. The first was that it cannot be held vicariously liable for any negligence of Farmer because he was an independent contractor, and therefore the doctrine of respondeat superior is inapplicable. Second, Teichert asserted that it could not be held directly liable for its own negligence in the operation of its facilities because under the circumstances it owed the decedent no duty to control traffic off its premises.

In his opposition to the summary judgment motion plaintiff conceded that Farmer was not an employee of Teichert, but argued that Teichert could

nonetheless be held responsible for Farmer's negligent conduct under the "special risk" exception to the general rule of nonliability for the torts of an independent contractor. (See *Aceves* v. *Regal Pale Brewing Co.* (1979) 24 Cal.3d 502, 508-509 [156 Cal.Rptr. 41, 595 P.2d 619]; *Castro* v. *State of California* (1981) 114 Cal.App.3d 503, 509-512 [170 Cal.Rptr. 734]; Rest. 2d Torts, §§ 413, 416.) As to the direct negligence theory underlying the third cause of action, plaintiff argued in the trial court that the law imposes upon Teichert a duty to manage its property so as to avoid unreasonable risks of harm to persons on or off the premises who might foreseeably be injured by a lack of due care, and that compliance with that duty required Teichert to post some sort of warning sign or device cautioning passersby on Highway 16 about the frequent truck traffic in and out of the plant.

The superior court denied the motion for summary judgment. The order of denial did not state any reasons for doing so, nor did it specify any material issues of fact which the court found to be in dispute, as required by Code of Civil Procedure section 437c, subdivision (g). Furthermore, the order signed by the court did not address Teichert's alternative request for summary adjudication of issues. However, Teichert does not challenge these apparent defects in the superior court's order. Instead, Teichert reiterates its contention that it is entitled to summary judgment.

■ A defendant seeking summary judgment must establish that there are no triable issues of fact to support liability under any legal theory relied upon by the plaintiff. (*Lipson* v. *Superior Court* (1982) 31 Cal.3d 362, 374 [182 Cal.Rptr. 629, 644 P.2d 822].) Any doubts regarding whether summary judgment should be granted must be resolved in favor of the party opposing the motion. (*Miller* v. *Bechtel Corp.* (1983) 33 Cal.3d 868, 874 [191 Cal.Rptr. 619, 663 P.2d 177].)

■ Applying this familiar standard to the instant case, we first agree with Teichert that the record establishes plaintiff cannot, as a matter of law, prevail on a theory of imputed liability. Farmer's negligence, if any, entailed nothing more than ordinary failure to exercise due care in the operation of a motor vehicle. This is not sufficient to invoke the "special risk" exception to the rule of nonliability for the negligence of an independent contractor.

■ "'"A peculiar risk is a risk which is peculiar to the work to be done and arises out of its character or the place where it is to be done, and against which a reasonable person would recognize the necessity of taking special precautions."' [Citations.] It is something other than the ordinary and customary dangers which may arise in the course of the work or of

normal human activity. . . .'"' (*Stark* v. *Weeks Real Estate* (1979) 94 Cal.App.3d 965, 969 [156 Cal.Rptr. 701].)

■ Plaintiff has failed to identify any peculiar risk inherent in the work Farmer was engaged in, apart from the ordinary risk that he would not use due care in the driving of his dump truck. There was no direct relationship between the particular work performed by Farmer, i.e., hauling a truck load of asphalt, and the accident. The incident could have occurred just as easily if Farmer were driving a standard passenger vehicle or an "eighteen-wheeler."

Nor did the frequency of truck traffic into Teichert's plant create a special risk. The collision between decedent and Farmer's truck would have happened in the same way regardless of whether that truck was the first or the hundredth to enter the facility on that day.

In disposing of this portion of plaintiff's case we find particularly apropos the illustration set forth in comment *d* to section 416 of the Restatement Second of Torts. That comment reads: ■ "A 'peculiar risk' is a risk differing from the common risks to which persons in general are commonly subjected by the ordinary forms of negligence which are usual in the community. It must involve some special hazard resulting from the nature of the work done, which calls for special precautions. (See § 413, com. *b*.) Thus if a contractor is employed to transport the employer's goods by truck over the public highway, the employer is not liable for the contractor's failure to inspect the brakes on his truck, or for his driving in excess of the speed limit, because the risk is in no way a peculiar one, and only an ordinary precaution is called for. But if the contractor is employed to transport giant logs weighing several tons over the highway, the employer will be subject to liability for the contractor's failure to take special precautions or anchor them on his trucks."[1]

Turning to plaintiff's third cause of action, we conclude that Teichert is entitled to summary judgment on that count as well. As noted above, Teichert's motion was premised on the proposition that it had no duty to persons on the public highway to control or regulate the movement of traffic entering its premises, and that the accident was not the result of any hazardous condition, on or off its property, for which it can be held responsible. In support of this contention Teichert relied primarily on the deposition of Farmer. His testimony was that he first observed the decedent riding west-

---

[1]Apparently, plaintiff concedes the lack of merit in his first cause of action, since in his opposition to the petition filed in this court he makes no effort to argue that the "peculiar risk" theory is applicable to the facts of this case. In default of opposition to that part of the petition, plaintiff may be deemed to have abandoned that theory.

bound along the paved shoulder of Highway 16, about fifteen feet north of the "fog line," and six or seven feet south of the fence surrounding Teichert's plant. The bicycle was approaching the entrance to Teichert's property as Farmer began turning left into the gate, and although Farmer attempted to stop when he realized a collision was imminent, he was unable to do so in time and the bicycle ran into the right front fender of his truck.

■ "It is axiomatic that without '"a duty of due care owed by the alleged wrongdoer to the person injured, or to a class of which he is a member . . ."' no negligence can be found. [Citation.] Whether such a duty is owed in a given situation is a question of law for the court to determine. [Citations.]" (*Nevarez* v. *Thriftimart, Inc.* (1970) 7 Cal.App.3d 799, 803 [87 Cal.Rptr. 50].) ■ An owner or possessor of land may, of course, be liable for injuries incurred by persons off the premises as a result of natural or artificial conditions on the land. (*Sprecher* v. *Adamson Companies* (1981) 30 Cal.3d 358, 371 [178 Cal.Rptr. 783, 636 P.2d 1121].) Furthermore, activities on the land which give rise to a hazardous condition off the premises may also result in a duty being imposed on the landowner to remedy that hazard. (See *Kopfinger* v. *Grand Central Pub. Market* (1964) 60 Cal.2d 852, 857 [37 Cal.Rptr. 65, 389 P.2d 529].)

■ Plaintiff, however, has made no showing that the accident which resulted in his son's death was attributable to any specific condition, natural or artificial, on Teichert's property. Nor is *Kopfinger, supra,* of benefit to plaintiff. In that case, it was held that the operator of a market could be held liable to a passerby on the public sidewalk who was injured when he slipped on a piece of meat that had been dropped by a deliveryman bringing a shipment of meat to the market. (*Kopfinger* v. *Grand Central Pub. Market, supra,* 60 Cal.2d at pp. 856-857.) Plaintiff places much reliance on general language in *Kopfinger* to the effect that when business activities create a hazard on an adjacent sidewalk, "there exists a duty to protect from injury those so endangered." (*Id.,* at p. 857.) However, plaintiff's argument is inapposite in the factual context of this case, there being no evidence of a hazardous physical condition created by Teichert's business enterprise.

Indeed, in his opposition to the motion for summary judgment, plaintiff's sole theory was that Teichert had a duty to post signs or other warning devices cautioning passersby concerning the frequent heavy truck traffic into and out of its plant. ■ However, a similar claim of duty was considered and rejected in *Nevarez* v. *Thriftimart, Inc., supra,* 7 Cal.App.3d at page 805, where the court held that a property owner not only has no duty to erect signs for the purpose of controlling or regulating traffic on adjacent public roads, but is in fact prohibited by law from doing so. "The power to control public streets and regulate traffic lies with the state which may del-

egate local authority to municipalities (Veh. Code, §§ 21100, 21102; 25 Cal.Jur.2d 124-127, Highways and Streets, §§ 238-240) and only the state (Veh. Code, § 21352) or local authorities, when authorized (Veh. Code, § 21353), may erect traffic signs or signals, all other persons being forbidden to do so (Veh. Code, § 21465) with some few exceptions (Veh. Code, §§ 21400, 21468) . . . Accordingly, the analogy to the rules relating to the occupiers of premises ends, as being inapt." (*Ibid.*) To this statement from *Nevarez,* we add our own observation that the prohibition on the posting of signs, signals or other devices extends to those displayed "upon, *or in view of,* any highway . . . ." (Veh. Code, § 21465, italics added.) Thus, not only was Teichert statutorily barred from erecting warning signs on the public highway; it was also prevented from placing such signs on its own premises in view of traffic passing on Highway 16.

■ In an effort to avoid the implications of *Nevarez* and Vehicle Code section 21465, plaintiff argues that section 21400 of that code does authorize the erection of warning signs by the owners of property adjacent to state highways. He cites the following language from section 21400: "The Department of Transportation shall, after notice and public hearing, determine and publicize the specifications for uniform types of warning signs, lights, and devices to be placed upon a highway by any person engaged in performing work which interferes with or endangers the safe movement of traffic upon that highway." Plaintiff has taken the quoted language out of context and ignored other, related provisions. The paragraph immediately succeeding the one plaintiff cites provides the necessary context: "Only those signs, lights and devices as are provided for in this section shall be placed upon a highway to warn traffic of work which is being performed *on the highway.*" (Italics added.) Thus, the signs referred to in section 21400 are those placed by persons actually engaged in highway construction or improvement, as opposed to warnings about work being carried on in the course of a business conducted adjacent to the road.

■ In conclusion, we find that plaintiff has failed to raise any triable issues of materal fact on either theory of liability and Teichert was therefore entitled to summary judgment on plaintiff's first and third causes of action. The work performed by Farmer involved no peculiar risk which contributed to decedent's death, nor did Teichert have a duty to erect warning signs or devices on, or in sight of, Highway 16.[2]

---

[2]Our conclusion on the duty question renders moot the parties' dispute as to whether the accident actually occurred on the public right of way or on land adjacent thereto owned by Teichert. The only duty plaintiff asserts Teichert owed was the duty to erect signs or other warning devices. In arguing for the existence of such a duty, plaintiff does not claim that it is dependent on the location of the decedent at the moment of impact. Since Teichert could not have posted the signs, it is irrelevant whether decedent was on or off its property.

■ We have previously notified all parties we were considering the issuance of a peremptory writ of mandate in the first instance, and have given respondent and real parties in interest the opportunity to submit any opposing arguments. Having done so, we may issue a peremptory writ of mandate without first issuing an alternative writ. (*Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893].)

■ Let a peremptory writ of mandate issue directing respondent superior court to vacate its order denying Teichert's motion for summary judgment and enter a new order granting that motion. In all other respects, the petition is denied. Petitioner Teichert will recover costs.

Blease, J., and Sparks, J., concurred.

The petition of real party in interest Gumpert for review by the Supreme Court was denied May 21, 1986. Bird, C. J., was of the opinion that the petition should be granted.