[No. B035799. Second Dist., Div. One. Apr. 2, 1990.]

CITY OF EL SEGUNDO, Cross-complainant and Appellant, v. RAY BRIGHT et al., Cross-defendants and Respondents.

**COUNSEL**

Leland C. Dolley, City Attorney, Gregory A. Docimo and Burke, Williams & Sorensen for Cross-complainant and Appellant.

Gregory P. Orland, John S. Popko and Patterson, Ritner, Lockwood, Zanghi & Gartner for Cross-defendants and Respondents.

**O**PINION

**ORTEGA, J.**—Cross-complainant, City of El Segundo (El Segundo), appeals from the judgment dismissing its cross-complaint against cross-defendants Ray and Dorothy Bright (the Brights) entered following the granting of the Brights' summary judgment motion. We conclude the trial court properly granted the Brights' motion and dismissed the cross-complaint. We affirm the judgment.[1]

F**ACTS**

About 2 p.m. on October 6, 1985, plaintiff Imelda Hagger (Hagger) was driving eastbound on Pine Avenue when defendant Andrew Lamp (Lamp), driving northbound on Nevada Street, collided with Hagger's auto in the intersection. The intersection had no traffic controls. Both streets are in El Segundo. El Segundo previously accepted Pine Avenue, but not Nevada Street, as a public road. El Segundo had installed curbs, sidewalks, and storm drains on both streets. The Brights owned the land abutting the southeast corner of the intersection. El Segundo had not placed or sought permission to install traffic controls on the Brights' property. The Brights had not placed or sought El Segundo's permission to install traffic controls on their land.

Hagger and her husband, Richard Hagger, sued Lamp, Lamp's employer (who owned Lamp's vehicle), and El Segundo. Plaintiffs alleged El Segundo owned, controlled, and maintained the streets and intersection. Plaintiffs claimed El Segundo recklessly and negligently failed to install adequate traffic controls at the intersection, creating a concealed dangerous condition that caused and contributed to the collision. Lamp and his employer settled with plaintiffs, and no longer are parties to the litigation.

El Segundo cross-complained against the Brights for indemnification, alleging they negligently maintained their land, which created or contributed to any dangerous condition in the intersection. The Brights sought summary judgment, arguing El Segundo exclusively controlled the placement of traffic signs or signals at the intersection, the Brights had no duty or authority to install traffic controls, and the Brights did not own any portion of the roadways or intersection. The trial court found no triable factual issues between the Brights and El Segundo, determined the Brights were entitled to judgment as a matter of law, granted the motion, and dismissed the cross-complaint. Plaintiffs are not parties to this appeal.

---

[1] At our request, the parties briefed whether El Segundo's appeal was timely. After review of those briefs and the record, we find the appeal timely.

ISSUES

El Segundo contends the trial court erred in granting the Brights' summary judgment motion and dismissing the cross-complaint because (I) Nevada Street was a private road; (II) factual issues existed regarding the Brights' duty safely to maintain Nevada Street; and (III) factual issues existed regarding the Brights' ownership interest in the intersection.

The Brights contend El Segundo exclusively controlled placement of traffic signs and signals at the intersection, and the Brights were prohibited from installing and had no duty to install traffic controls. The Brights also contend they were not liable because, as adjacent landowners, they did not possess or control the intersection, and El Segundo exclusively owned the intersection.

DISCUSSION

I

El Segundo's contention that the Brights' failure to dedicate Nevada Street to the city left it a private road that El Segundo did not control lacks merit. In response, the Brights correctly contend El Segundo exclusively controlled placement of traffic signs and signals at the intersection, and the Brights were prohibited from installing and had no duty to install traffic controls.

We apply settled principles in reviewing the trial court's ruling. Code of Civil Procedure section 437c, subdivision (c) provides in relevant part: "The motion for summary judgment shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . ."

"Since a summary judgment motion raises only questions of law regarding the construction and effect of the supporting and opposing papers, we independently review them on appeal, applying the same three-step analysis required of the trial court. [Citations.] First, we identify the issues framed by the pleadings since it is these allegations to which the motion must respond by establishing a complete defense or otherwise showing there is no factual basis for relief on any theory reasonably contemplated by the opponent's pleading. [Citations.] [¶] Secondly, we determine whether the moving party's showing has established facts which negate the opponent's claim and justify a judgment in movant's favor. [Citations.] The motion must stand self-sufficient and cannot succeed because the opposition is weak. [Citations.] A party cannot succeed without disproving even those

claims on which the opponent would have the burden of proof at trial. [Citations.] [¶] When a summary judgment motion prima facie justifies a judgment, the third and final step is to determine whether the opposition demonstrates the existence of a triable, material factual issue. [Citations.] . . . A sufficient motion cannot be successfully resisted by counterdeclarations which create immaterial factual conflicts outside the scope of the pleadings; counterdeclarations are no substitute for amended pleadings. [Citations.]" (*AARTS Productions, Inc.* v. *Crocker National Bank* (1986) 179 Cal.App.3d 1061, 1064-1065 [225 Cal.Rptr. 203].) Whether a duty exists is a legal question. (*Rodriguez* v. *Inglewood Unified School Dist.* (1986) 186 Cal.App.3d 707, 712 [230 Cal.Rptr. 823]; *Nevarez* v. *Thriftimart, Inc.* (1970) 7 Cal.App.3d 799, 803 [87 Cal.Rptr. 50].)

■ It is undisputed that the Brights do not own or control the roadways or intersection. Thus, as against the Brights, El Segundo's reliance on Streets and Highways Code section 1806, which immunizes government entities from liability for failure to maintain a road unless accepted by the entity into the street system, is misplaced. The cases relied on by El Segundo all involved privately owned, developed, and controlled roads or stairs dedicated to but never accepted by the relevant public entities. In all the cited cases, the public entities never maintained or improved the disputed areas. All the cases found that responsibility and liability remained with the private owners. (*Benitez* v. *City and County of San Francisco* (1978) 77 Cal.App.3d 918, 920-922 [144 Cal.Rptr. 15]; *Ackley* v. *City etc. of San Francisco* (1970) 11 Cal.App.3d 108, 112-114 [89 Cal.Rptr. 480]; *County of Kern* v. *Edgemont Dev. Corp.* (1963) 222 Cal.App.2d 874, 878-879 [35 Cal.Rptr. 629].) El Segundo does not dispute its ownership of the intersection and roadways. Even if a governmental immunity defense were available against plaintiffs, the Brights could not be liable because they did not own or maintain the intersection or roadways. The court did not err in determining there was no triable issue of fact as to whether El Segundo had the right to control placement of traffic signs and signals at the intersection.

## II

El Segundo's contention that as adjacent landowners the Brights had a duty to erect traffic controls and shared liability for any dangerous condition created by the lack of traffic controls also lacks merit. The Brights were prohibited from erecting traffic controls because El Segundo exclusively controlled their installation. The Brights had no duty to install traffic signs or signals. In *A. Teichert & Son, Inc.* v. *Superior Court* (1986) 179 Cal.App.3d 657 [225 Cal.Rptr. 10], the court stated: "[I]n his opposition to the motion for summary judgment, plaintiff's sole theory was that [the private property owner defendant] had a duty to post signs or other [traffic]

warning devices . . . . However, a similar claim of duty was considered and rejected in *Nevarez v. Thriftimart, Inc., supra*, 7 Cal.App.3d at page 805, where the court held that a property owner not only has no duty to erect signs for the purpose of controlling or regulating traffic on adjacent public roads, but is in fact prohibited by law from doing so. 'The power to control public streets and regulate traffic lies with the state which may delegate local authority to municipalities (Veh. Code, §§ 21100, 21102; 25 Cal.Jur.2d 124-127, Highways and Streets, §§ 238-240) and only the state (Veh. Code, § 21352) or local authorities, when authorized (Veh. Code, § 21353), may erect traffic signs or signals, all other persons being forbidden to do so (Veh. Code, § 21465) with some few exceptions (Veh. Code, §§ 21400, 21468) . . . Accordingly, the analogy to the rules relating to the occupiers of premises ends, as being inapt.' (*Ibid.*)" (*Id.* at pp. 663-664; accord, *Nevarez v. Thriftimart, Inc., supra*, 7 Cal.App.3d at p. 805.)

El Segundo's attempt to distinguish this authority as inapplicable to a private roadway is equally meritless. "To this statement from *Nevarez*, we add our own observation that the prohibition on the posting of signs, signals or other devices extends to those displayed 'upon, *or in view of*, any highway . . . .' (Veh. Code, § 21465 . . . .) Thus, not only was [the private land-owner defendant] statutorily barred from erecting warning signs on the public highway; it was also prevented from placing such signs on its own premises in view of traffic passing on [the public road]." (*A. Teichert & Son, Inc. v. Superior Court, supra*, 179 Cal.App.3d at p. 664.) Moreover, the cases cited by El Segundo are factually distinguishable and do not involve a private landowner's duty to install traffic controls. (*County of Ventura v. City of Camarillo* (1978) 80 Cal.App.3d 1019, 1022-1025 [144 Cal.Rptr. 296]; *Low v. City of Sacramento* (1970) 7 Cal.App.3d 826, 831-834 [87 Cal.Rptr. 173].)

Finally, El Segundo mentions for the first time on appeal that sight line obstructions could constitute a dangerous condition affecting the accident. El Segundo cites no authority for and does not discuss this contention, which we need not address. (*California State Auto. Assn. Inter-Ins. Bureau v. Antonelli* (1979) 94 Cal.App.3d 113, 122 [156 Cal.Rptr. 369].) In any event, plaintiffs did not allege such a dangerous condition, and it seems inconceivable that any obstruction on the southeast corner could affect a collision between eastbound and northbound vehicles.

Thus, the trial court did not err in determining there was no triable issue of fact as to whether the Brights had a duty to erect traffic controls.

## III

As discussed above, El Segundo's contention that material factual issues exist regarding the ownership of the intersection is equally meritless. It is

uncontested that the Brights do not own or control the intersection or roadways.

## DISPOSITION

We affirm the judgment. The Brights are entitled to costs on appeal.

Hanson, Acting P. J., and Devich, J., concurred.