Filed 8/14/15

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| JOSEPH COPPINGER, Jr. et al., | |
| Plaintiffs and Appellants, | |
| v. | E060664 |
| ROGELIO RAWLINS et al., | (Super.Ct.No. RIC1218874) |
| Defendants and Respondents | OPINION |

APPEAL from the Superior Court of Riverside County. Craig G. Riemer, Judge. Affirmed.

Law Office of Michael V. Hesse and Michael V. Hesse for Plaintiffs and Appellants.

Dickman & Holt and John G. Dickman and Montessa D. Holt for Defendants and Respondents Rogelio Rawlins and Maria Rawlins.

Arias & Lockwood and Christopher D. Lockwood; Dana M. Smith, Riverside County Counsel for Defendants and Respondents County of Riverside.

Prior owners subdivided their land into two parcels, dedicating narrow lots "A," "B," and "C," to defendant County of Riverside (County) for public road and utility

1

purposes. The County accepted the dedication in 1980, with the proviso that Lots "B" and "C" would not immediately become part of the county-maintained road system. In 1984, plaintiffs Joseph and Connie Coppinger purchased one parcel. Defendants Rogelio and Maria Rawlins purchased the other parcel, and used Lot "C" for ingress and egress. Plaintiffs erected a gate to prevent the Rawlinses from using Lot "C," and eventually filed a lawsuit against the Rawlins and the County for quiet title, trespass, injunctive relief, and declaratory relief. The Rawlinses and the County demurred to the third amended complaint, and the trial court sustained the demurrer without leave to amend. Plaintiffs appealed.

On appeal, plaintiffs argue that (1) the dedication of the public right of way constituted a "taking" from the prior owners under the Federal Bill of Rights; and (2) the County's acceptance of the dedicated lots did not constitute an unconditional acceptance within the meaning of the Subdivision Map Act, constituting rejection of the dedication, and reverting title to Lot "C" to plaintiffs. We affirm.

## BACKGROUND

Prior to October 1980, the property in question, consisting of 2.43 acres in Riverside County, California, was owned by John and Nancy Robinson. The property is situated at the intersection of Nance Street and Clark Street in an unincorporated portion of Riverside County.

In October 1980, Robinson subdivided the property into Parcels 1 and 2, and dedicated Lots A through C, comprising thirty-foot strips of land, for public use for street

2

and public utility purposes. According to Parcel Map No. 14895, Lot A runs along Clark Street, Lot B runs along Nance Street, on one side of Parcel 2, while Lot C, an extension of Lot B, runs along Nance Street on the same side of Parcel 1. The County accepted the offer of dedication. Lot "A" was accepted as part of the county-maintained road system, while Lots B and C were accepted to vest title in the county on behalf of the public "for said purposes, but said road shall not become part of the county-maintained road system until accepted by resolution of the County Board of Supervisors."

On December 4, 1984, the Robinsons executed a grant deed, conveying Parcel 1, along with Lettered Lot C, to plaintiffs. That deed was recorded on February 26, 1985, and refers to Parcel Map No. 14895. The Rawlinses own a lengthy parcel running roughly east and west, located immediately to the north of Lots B and C. To perform an improvement on the westerly portion of their property, the Rawlinses needed access over the dedicated public right of way, that is, Lots B and C. A fence runs along the boundary line between Lot C and the Rawlins' property; Plaintiffs alleged this fence was erected by their predecessors in interest, while the Rawlinses alleged that plaintiffs erected it to bar public access to and across Lot C.

The Rawlinses filed a complaint to abate nuisance against plaintiffs in November 2012, but this action was voluntarily dismissed shortly thereafter. Then plaintiffs filed a complaint against the Rawlinses in December 2012. Eventually, a Third Amended Complaint was filed on August 22, 2013, against the Rawlinses and the County, seeking (a) to quiet title to Lot C (first cause of action, against all defendants), (b) damages for

3

trespass (second cause of action, against Rawlins), (c) injunctive relief to abate nuisance (third cause of action, against Rawlins), and (d) declaratory relief (fourth cause of action, against all defendants).

The County and the Rawlins defendants demurred to first, second, and fourth causes of action of the third amended complaint. On October 31, 2013, the trial court sustained the demurrers without leave to amend. Plaintiffs voluntarily dismissed the third cause of action. Following the entry of judgment of dismissal of the entire action, the plaintiffs appealed.

## DISCUSSION

### *The Trial Court Properly Sustained the Demurrers*.

The County and the Rawlins defendants demurred to the third amended complaint on multiple grounds. Their main objection was that the complaint failed to state facts sufficient to constitute a cause of action because the County's acceptance of the Robinsons' offer of dedication was absolute, such that the complaint failed to state facts sufficient to constitute a cause of action under Code of Civil Procedure section 771.010, affecting plaintiffs' right to quiet title to the property, seek damages for trespass, and obtain injunctive relief. The trial court ruled that the County had accepted the dedication, although it did not accept it into the road maintenance system. On appeal, plaintiffs make several arguments under separate headings challenging the trial court's ruling that the County had properly accepted the Robinsons' offer of dedication of the public right of way on Lot "C."

4

a.      *Standard of Review*

On appeal, when a demurrer has been sustained, we determine whether the complaint states facts sufficient to constitute a cause of action, and, when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse. (*Loeffler v. Target Corp.* (2014) 58 Cal.4th 1081, 1100.) We treat the demurrer as admitting all material facts properly pleaded, but we do not assume the truth of contentions, deductions or conclusions of law. (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967.) We liberally construe the pleading to achieve substantial justice between the parties, giving the complaint a reasonable interpretation and reading the allegations in context. (Code Civ. Proc., § 452; *Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.) The judgment must be affirmed if it is correct on any ground stated in the demurrer, regardless of the trial court's stated reasons. (*Aubry v. Tri-City Hospital Dist., supra,* 2 Cal.4th at p. 967; *Fremont Indem. Co. v. Fremont General Corp.* (2007) 148 Cal.App.4th 97, 111.)

When a demurrer is sustained, we determine de novo whether the complaint alleges facts sufficient to state a cause of action under any legal theory. (*McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415.) When a demurrer is sustained without leave to amend, we must also decide whether there is a reasonable possibility that the defect can be cured by amendment. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) If the complaint can be cured, the trial court has abused its discretion in sustaining without

5

leave to amend. (*Ibid*; see also, *Arce v. Kaiser Foundation Health Plan, Inc.* (2010) 181 Cal.App.4th 471, 481-482.)

b.        *Plaintiffs Failed to Establish All the Elements Under Code of Civil Procedure, Section 771.010, Which is Fatal to All Causes of Action.*

Plaintiffs alleged in their complaint, and in opposition to the defendants' demurrers, that all of the conditions of Code of Civil Procedure section 771.010 were satisfied, as the basis for all causes of action.  At issue, therefore, is the second condition: whether there was an acceptance of the dedication made and recorded within 25 years after the map was filed.  As to this condition, the plaintiffs urged in the trial court and now urge on appeal that the County's acceptance of the offer of dedication was ineffectual.

Code of Civil Procedure, section 771.010, relating to proposals to dedicate real property for public improvement, provides that there is a conclusive presumption that the proposed dedication was not accepted if *all* of the following conditions are satisfied: (a) The proposal was made by filing a map only; (b) No acceptance of the dedication was made and recorded within 25 years after the map was filed; (c) The real property was not used for the purpose for which the dedication was proposed within 25 years after the map was filed; and (d) The real property was sold to a third person after the map was filed and used as if free of the dedication.

A dedication is the transfer of an interest in real property to a public entity for the public's use. (*Biagini v. Beckham* (2008) 163 Cal.App.4th 1000, 1009.)  A statutory

6

dedication is effected when, in compliance with the version of the Subdivision Map Act then in force, an offer of dedication is accepted by the public agency. (*Ibid;* see also, *Scott v. City of Del Mar* (1997) 58 Cal.App.4th 1296, 1302.) A public agency's mere nonuse of dedicated land does not show abandonment or give rise to an estoppel claim. (*Scott v. City of Del Mar, supra,* 58 Cal.App.4th at p. 1304.) Doubts and conflicts appearing upon a map prepared and recorded by the owner of real property for the purpose of creating a subdivision of it are to be construed most strongly against him, but the law has never allowed private property to be taken for public purposes except upon clear and unequivocal proof of an intention to dedicate it for such use. (*Manhattan Beach v. Cortelyou* (1938) 10 Cal.2d 653, 662.)

To establish dedication of land for public use, there must be an unequivocal and clear manifestation of intent to dedicate. (*Faus v. County of Los Angeles* (1967) 256 Cal.App.2d 604, 610.) Dedication is not governed by the ordinary rules applicable to the law of contracts. (*Tischauser v. Newport Beach* (1964) 225 Cal.App.2d 138, 143.) As a voluntary transfer of an interest in land, a dedication partakes both of the nature of a grant and of a gift, and is governed by the fundamental principles which control such transactions. (*Ibid*; *County of Inyo v. Given* (1920) 183 Cal. 415, 418.) Like a contract, a dedication consists of an offer and acceptance, and is not binding until unequivocal acceptance has been established. (*Biagini v. Beckham, supra*, 163 Cal.App.4th at p. 1009.)

7

Parcel Map No. 14895 depicts the proposed subdivision by plaintiffs' predecessor in interest, the Robinsons.[1] The map includes Lots A, B, and C, the strips of land the Robinsons offered to dedicate to the County in 1980. It also includes the "Board of Supervisors Certificate," by which the Board approved the Parcel Map and "accept[ed] the offer of dedication made [thereon] of Lot 'A' for public road and public utility purposes and as part of the county-maintained road system. The offers of Lots 'B' and 'C' for public road and public utility purposes are accepted to vest title in the County on behalf of the public for said purposes, but said road shall not become part of the county-maintained road system until accepted by resolution of this Board adopted pursuant to Section 941 of the Streets and Highways Code."

In arguing whether or not the County accepted the offer, all parties point us to Government Code section 66477.1, subdivision (a), which states, "At the time the legislative body or the official designated pursuant to Section 66458 approves a final map, the legislative body or the designated official shall also accept, accept subject to improvement, or reject any offer of dedication." Plaintiffs argued in the trial court, and again on appeal, that dedication of property for "public road and public utility purposes" necessarily requires that the road becomes a part of the county-maintained road system. From this they conclude that the Board of Supervisors' acceptance of the offer of

---

[1] Although the trial court did not expressly rule on the parties' requests for judicial notice, we can and do. (Evid. Code, § 459.)

8

dedication was qualified or incomplete because it excepted the public road dedication of Lots "B" and "C" from the county-maintained system. We disagree.

Streets and Highway Code section 941 provides that no public or private road shall become a county highway except by resolution of the Board of Supervisors including such road in the county road system. (See *Benitez v. City and County of San Francisco* (1978) 77 Cal.App.3d 918, 921.) The fact that the County refuses to accept a road as a county road, imposing responsibilities for maintenance on the County, is not inconsistent with its status as a "public road." (*Hanshaw v. Long Valley Road Assn.* (2004) 116 Cal.App.4th 471, 481.)

In other words, Streets and Highway Code section 941 creates a presumption that an offer of dedication of land "for use as a public road"—without more—will *not* be included in the county-maintained road system, because additional action is necessary to achieve that end. Acceptance by the user does not mean the road becomes a county highway. (*Hanshaw v. Long Valley Road Assn., supra,* 116 Cal.App.4th at p. 479.) "No city shall be held liable for failure to maintain any road until it has been accepted into the city street system in accordance with subdivision (b) or (c)" of Streets and Highways Code section 1806. (Sts. & Hy. Code, § 1806, subd. (a).) As such, the additional language included in the County's acceptance of the offer of dedication was surplusage; it did not signify a qualified acceptance or a rejection of the offer of dedication.

Plaintiffs' reliance on the case of *County of Yuba v. Central Valley Nat. Bank, Inc.* (1971) 20 Cal.App.3d 109 is unhelpful. The issue in that case was whether the Bank was

9

required to pay the County under an instrument of credit to secure the performance of street improvements and drainage facilities by a contractor after the contractor abandoned plans for a subdivision before any work was begun. That case did not involve the interpretation of a County's acceptance of an offer of dedication for use as a public road or utility.

Similarly, plaintiffs' reliance on *Mikels v. Rager* (1991) 232 Cal.App.3d 334 [Fourth Dist, Div. 2] is also misplaced. In that case, the offer to dedicate was accepted subject to improvements, which led to a conclusion that it was only conditionally accepted. (*Id*. at pp. 353-354; see also, *Hanshaw v. Long Valley Road Assn., supra,* 116 Cal.App.4th at p. 480.) That authority is inapposite here, where the County expressly accepted the offer of dedication and imposed no condition relating to improvements.

The offer of dedication of Lots 'B' and 'C' was expressly accepted by the County Board of Supervisors in its certification of the Parcel Map. The deed conveying title to the plaintiffs refers to Parcel Map No. 14895, which is interpreted as repeating and reinforcing the offer to dedicate. (*Tischauser v. City of Newport Beach, supra,* 225 Cal.App.2d 138, 144.) The sale of the land offered for dedication did not terminate the offer, and the subsequent landowners—plaintiffs—were bound by their predecessor's offer to dedicate. (*Quacchia v. County of Santa Cruz* (1958) 164 Cal.App.2d 770, 771 [respondents were bound by their predecessor's offer to dedicate].)

Plaintiffs acquired title to the property by way of a deed which made express reference to Parcel Map No. 14895, in which the offer of dedication of Lots "A" through

10

"C" was recorded. Plaintiffs were not subjected to a "taking" by the County because the offer of dedication was made and accepted prior to their acquisition of title. Having failed to demonstrate that the trial court erred in ruling that the County's acceptance of the offer of dedication was void or ineffectual, they have not met their burden of establishing reversible error. The trial court properly sustained the demurrers. We do not need to reach the objections grounded on plaintiffs' failure to file and record notice of the pending action.

        c.     *"Taking" Claims.*

Although not alleged in their complaint, plaintiffs assert on appeal that the Robinsons were subjected to an unconstitutional taking by the County's imposition of a condition that they (the Robinsons) dedicate their land for public use as a condition of their proposed subdivision. We do not reach any constitutional claims because plaintiffs have cited no authority giving them standing to raise the claims on behalf of the Robinsons, and the claims were not preserved in the trial court. (*City of San Diego v. D.R. Horton San Diego Holding Co., Inc.* (2005) 126 Cal.App.4th 668, 685.)

In any event, "no possession by any person, firm or corporation no matter how long continued of any land, water, water right, easement, or other property whatsoever dedicated to a public use by a public utility, or dedicated to or owned by the state or any public entity, shall ever ripen into any title, interest or right against the owner thereof." (Civ. Code, § 1007; *Hays v. Vanek* (1989) 217 Cal.App.3d 271, 286.)

11

At oral argument, plaintiffs drew our attention to the recent decision in *Jefferson Street Ventures, LLC v. City of Indio* (2015) 236 Cal.App.4th 1175, in which Division Three of the Fourth Appellate District reversed a judgment denying a petition for administrative mandate because the City of Indio's development restrictions constituted an uncompensated taking. In that case Jefferson acquired a 26.85 acre parcel of land, and submitted a development proposal to the City to construct a retail shopping center. The proposal affected property on which Interstate 10 interchange projects were contemplated. Thus, certain restrictions were placed on the plaintiff's development proposal that reduced the developable area of Jefferson's property to 17.1 acres. (*Id.,* at pp. 1184-1185.)

Jefferson filed an action for writ of mandate alleging the City lacked authority to condition approval of the project on leaving any portion of the property undeveloped, and included a cause of action for inverse condemnation challenging the regulatory taking and a forced dedication of private property. (*Jefferson Street Ventures, supra,* 236 Cal.App.4th at p. 1188.) The reviewing court agreed that the restrictions constituted an uncompensated taking of the property on which development was prohibited by the City. (*Id.,* at p. 1192.)

That case is wholly inapposite here: First, plaintiffs were not forced to dedicate any portion of their property as a condition of their use of it; it was already subject to an accepted dedication when they purchased it, so they purchased the property subject to, and with constructive notice of, the dedication. The Coppingers were not adversely

12

affected by the dedication because they were not compelled to make the dedication.**2** If there was any taking at all, it would have been a taking from the Robinsons, well before plaintiffs acquired the property. Second, in the *Jefferson Street Ventures* case, the plaintiff argued the taking claim in his complaint, and at the hearing on the mandamus petition. As we have pointed out, no such theory was either pled or orally argued in the trial court proceedings in the present case.

d.     *There Is No Reasonable Possibility that the Defect in the Pleadings Can Be Cured.*

We now turn to the question of whether plaintiffs had demonstrated a reasonable possibility that the pleading defect can be cured. The burden of proving such reasonable possibility rests squarely on the plaintiffs. (*Blank v. Kirwan, supra,* 39 Cal.3d at p. 318; *Hernandez v. City of Pomona* (2009) 46 Cal.4th 501, 520, fn. 16.)

Both in the trial court and on appeal, plaintiffs have not explained how an amendment to their complaint would cure the defect. Plaintiffs forfeited any further leave to amend by failing to request leave in the trial court or to argue on appeal that the trial court's denial of leave to amend was error. (*Reynolds v. Bement* (2005) 36 Cal.4th 1075, 1091; *Freeny v. City of San Buenaventura* (2013) 216 Cal.App.4th 1333, 1347.)

**DISPOSITION**

The judgment is affirmed. Defendants are awarded costs.

---

**2** As such, they had no primary right to state a cause of action. (See *Gamble v. General Foods Corp.* (1991) 229 Cal.App.3d 893, 898.)

13

CERTIFIED FOR PUBLICATION

RAMIREZ
P. J.


We concur:

HOLLENHORST
J.

MILLER
J.