Filed 8/16/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| ALUMA SYSTEMS CONCRETE CONSTRUCTION OF CALIFORNIA, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> NIBBI BROS. INC., et al., <br><br> Defendants and Respondents. | A145734 <br><br> (San Francisco County Super. Ct. No. CGC-14-540636) |

Aluma Systems Concrete Construction of California, Inc. (hereafter, Contractor) was sued by employees of respondents Nibbi Bros. Inc., and Nibbi Bros. Associates, Inc. dba Nibbi Concrete (hereafter, Employer), for injuries sustained on the job. Subsequently, Contractor sued Employer for indemnification based on a specific provision in the parties' contract. The trial court sustained Employer's demurrer to Contractor's complaint, relying on the allegations in the underlying lawsuit that set forth claims only against Contractor and not against Employer. Because the allegations in the underlying lawsuit are not determinative of Contractor's claim for indemnity we reject that analysis, reverse and remand.

BACKGROUND[1]

In March 2011, Contractor entered into an agreement with Employer to design and supply the materials for wall formwork and deck shoring at Employer's construction

---

[1] Because we are reviewing an order sustaining a demurrer, we assume the truth of the complaint's factual allegations and consider judicially noticed matters. (*Committee for Green Foothills v. Santa Clara County Bd. of Supervisors* (2010) 48 Cal.4th 32, 42 (*Committee for Green Foothills*).)

1

project (the Contract).  The terms of the Contract included the following indemnification provision: "To the extent permitted by law, [Employer] shall defend, indemnify and hold harmless [Contractor] against any and all claims, actions, expenses, damages, losses and liabilities, including attorneys fees and expenses, for personal injuries (including death) and/or property damage arising from or in connection with this contract and/or [Contractor]'s equipment and services, except to the extent such claims, actions, expenses, damages, losses and liabilities are caused by the acts or omissions of [Contractor] or anyone directly or indirectly employed by [Contractor] or anyone for whose acts [Contractor] may be liable."[2]

Subsequently, two lawsuits were filed by Employer's employees against Contractor (the Employee Lawsuits) alleging that in August 2011, the employees were injured after a shoring system designed by Contractor collapsed.  The Employee Lawsuits alleged the collapse was due to Contractor's negligence.  Contractor's answers alleged as affirmative defenses that the employees' injuries were proximately caused by the negligence of Employer and unnamed others.  Contractor tendered the Employee Lawsuits to Employer for defense and indemnification, but received no response.

Contractor then filed the instant action against Employer for breach of contract, express indemnification, and declaratory relief.[3]  Employer demurred to the complaint. The demurrer argued the contractual indemnification provision does not apply because the Employee Lawsuits allege Contractor alone, not Employer, was negligent.  The demurrer also argued that the complaint should be dismissed as to Nibbi Bros., Inc. because the Contract was with Nibbi Concrete only, and that the claim for declaratory relief is unnecessary because Contractor can determine its rights in the Employee Lawsuits.

---

[2] Separate provisions of the Contract provided for indemnification if Employer failed to perform certain duties, for example, to comply with all applicable safety regulations.

[3] The declaratory relief claim sought a determination of Employer's liability to indemnify Contractor.  The complaint also alleged claims against Employer's insurer, which are not at issue in this appeal.

The trial court sustained the demurrer without leave to amend. As to the breach of contract and express indemnification claims, the trial court found "the exception included in the Contract's indemnity provision plainly states that the [Employer's] duty to defend, indemnify, or hold harmless does not arise from acts caused by or omissions of the [Contractor]. . . . The underlying complaints in this action allege negligence as to the [Contractor] only because the employees are required to pursue worker's compensation claims against the [Employer]. The acts and/or omissions for which [Contractor] seeks indemnity against arose from [Contractor's] alleged negligence and is barred by the plain language of the Contract." The court sustained the demurrer as to the declaratory relief claim on the ground that Contractor can determine its rights in the Employee Lawsuits.

Contractor filed a motion for reconsideration, pointing in part to the fact that the Employee Lawsuits had now settled. The trial court denied the motion and entered judgment for Employer.

DISCUSSION

"On review from an order sustaining a demurrer, 'we examine the complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory, such facts being assumed true for this purpose. [Citations.]' [Citation.] We may also consider matters that have been judicially noticed." (*Committee for Green Foothills, supra,* 48 Cal.4th at p. 42.)

The parties agree that pursuant to Labor Code section 3864, Employer is only liable to indemnify Contractor pursuant to the terms of the Contract.[4] They dispute whether the indemnity provision—which applies to claims and damages in connection with the Contract "except to the extent" they are "caused by the acts or omissions of [Contractor]"—applies to the Employee Lawsuits. Employer argues the Employee

---

[4] Labor Code section 3864 provides that if a personal injury action prosecuted by an employee against a party other than the employer "results in judgment against such third person, or settlement by such third person, the employer shall have no liability to reimburse or hold such third person harmless on such judgment or settlement in absence of a written agreement so to do executed prior to the injury."

3

Lawsuits allege solely Contractor's negligence and the indemnification provision therefore does not apply. Contractor argues that the provision may apply because Contractor is jointly and severally liable for *all* economic damages in the Employee Lawsuits, including any attributable to the negligence of Employer or others, as long as Contractor's negligence is partially responsible.

As an initial matter, Contractor argues the indemnification provision provides for proportionate liability: Employer must indemnify Contractor for any portion of economic damages attributable to the negligence of Employer and/or others, but is not obligated to indemnify Contractor for any portion of damages attributable to Contractor's negligence. Employer does not contest this interpretation, which we think is a reasonable construction of the Contract's language. " 'When reviewing whether a plaintiff has properly stated a cause of action for breach of contract, we must determine whether the alleged agreement is 'reasonably susceptible' to the meaning ascribed to it in the complaint. [Citation.] " 'So long as the pleading does not place a clearly erroneous construction upon the provisions of the contract, in passing upon the sufficiency of the complaint, we must accept as correct plaintiff's allegations as to the meaning of the agreement.' " ' " (*Marzec v. Public Employees' Retirement System* (2015) 236 Cal.App.4th 889, 909 (*Marzec*).) We therefore accept Contractor's interpretation for purposes of this appeal.

We next turn to relevant principles of workers' compensation and tort law. Because the employees were working for Employer at the time of their injuries, they cannot sue Employer for damages but must pursue benefits through the workers' compensation system. (*DaFonte v. Up-Right, Inc.* (1992) 2 Cal.4th 593, 598 (*DaFonte*) ["[A]n employer cannot be sued in tort for the work-related injury of an employee. The employer's sole liability is for benefits payable, regardless of fault, under the workers' compensation law."].) This limitation on Employer's liability does not extend to third parties, however, and the employees may sue Contractor for damages caused by its negligence. (*Ibid.* ["the employee may sue any other responsible person for 'all damages proximately resulting' from the injury"]; see also Lab. Code, § 3852 ["The claim of an employee . . . for compensation does not affect his or her claim or right of action for all

4

damages proximately resulting from the injury or death against any person other than the employer."].)

If a factfinder found Contractor's negligence was a proximate cause of the employees' injuries—even if Contractor's negligence was one of two or more proximate causes—Contractor would be liable to the employees for 100 percent of their economic damages. (*DaFonte, supra,* 2 Cal.4th at p. 600 [tort law provides for "the joint liability of all tortfeasors, regardless of their respective shares of fault, with respect to all objectively provable expenses and monetary losses"].) As for noneconomic damages, Contractor is only liable to the employees for its proportionate share. "[Civil Code] section 1431.2[5] plainly limits a defendant's share of noneconomic damages to his or her own proportionate share of comparative fault." (*DaFonte,* at p. 604.) These tort law principles apply in suits by injured employees against third parties. (*Ibid.*)

Employer argues that Proposition 51, codifying these joint and several liability principles, does not apply because it derives from equitable principles and this case is governed by the Contract. The argument is unpersuasive. To be sure, Contractor's indemnification claim against Employer is properly based on the Contract, not on principles of equitable indemnity. (Lab. Code, § 3864.) But Proposition 51 is relevant to Contractor's liability to the employees in the Employee Lawsuits and does apply in those actions. (*DaFonte, supra,* 2 Cal.4th at p. 604 [rejecting argument that Proposition 51 does not apply in cases brought by injured employees against third parties, reasoning "[t]he statute states or implies no exception for third party suits by injured employees" and "[n]o compelling reason appears to infer such an exception in derogation of the measure's literal words"].)

Employer argued below that the availability of an offset for workers' compensation benefits obviates the need for indemnification. We disagree. Contractor, like all third parties so sued, may be entitled to offset part or all of the workers'

---

[5] Civil Code section 1431.2 was enacted in 1986 by Proposition 51, which also amended and added other Civil Code sections. (*DaFonte, supra,* 2 Cal.4th at pp. 596, 599.)

compensation benefits received by the employees if Employer is also at fault for the injuries. "[A]n employee's damage judgment against third parties must be reduced by an amount attributable to the employer's proportionate share of fault, up to the amount of workers' compensation benefits paid." (*DaFonte, supra,* 2 Cal.4th at p. 599.) Contractor alleged such an offset claim in the Employee Lawsuits. However, when "the employer's share of fault exceed[s] the benefits paid or owed . . . , third party defendants remain[] jointly and severally liable to the injured employee for all damages attributable to the employer's fault which were not covered by workers' compensation benefits," except for noneconomic damages. (*Ibid.*, see also *id.* at p. 600.) Therefore, despite Contractor's claim in the Employee Lawsuits for an offset of workers' compensation benefits attributable to Employer, Contractor may still be liable for a portion of Employer's share of the employees' economic damages. Contractor could only recover this portion pursuant to the indemnification provision, if it applies.

Employer's primary argument is that the Employee Lawsuits alleged only Contractor's negligence, which is expressly excluded from the indemnification provision. Employer contends the application of the indemnity provision turns on whether the Employee Lawsuits alleged the negligence of any party other than Contractor, rather than on what a factfinder ultimately determines about the parties' respective negligence.[6] We disagree.

We look first at the language of the Contract. Employer notes the indemnification provision applies to "claims" and argues this indicates the allegations of the Employee Lawsuits control the provision's application. Assuming this is an appropriate construction of the word "claims," the provision also requires indemnification for Contractor's "damages" and "losses." We see no basis to restrict the damages and losses

---

[6] The extent of each party's negligence, if any, will not be determined in the Employee Lawsuits, but can be litigated in the instant action. (*Mel Clayton Ford v. Ford Motor Co.* (2002) 104 Cal.App.4th 46, 59–60 (*Mel Clayton Ford*) [where indemnitee's negligence is relevant to application of indemnification provision and indemnitee settled underlying claim with third party, negligence must be litigated in indemnification action].)

so indemnified to the allegations of the Employee Lawsuits, rather than to the damages Contractor is ultimately found liable for. Even if Employer's construction of the Contract were possible, we must accept Contractor's reasonable interpretation for purposes of this demurrer. (*Marzec, supra,* 236 Cal.App.4th at p. 909.)

Employer points to cases in which the application of indemnification provisions turned on the allegations of the third party's complaint. These cases, however, all involve the duty to defend. The duty to indemnify is distinct from the duty to defend: the former "require[s] one party to *indemnify* the other, under specified circumstances, for moneys paid or expenses incurred . . . as a result of" a third party claim, while the latter "assign[s] one party . . . responsibility for the other's *legal defense* when a third party claim is made." (*Crawford v. Weather Shield Mfg., Inc.* (2008) 44 Cal.4th 541, 551 (*Crawford*).) Depending on the contractual language, a duty to defend may exist even if no duty to indemnify is ultimately found. (*Id.* at p. 561 [under contractual language, "even if the indemnity obligation is triggered only by an ultimate finding of the indemnitor's fault, the defense obligation applies before, and thus regardless of, any finding to be made in the course of the litigation for which a defense is owed"]; *UDC-Universal Development, L.P. v. CH2M Hill* (2010) 181 Cal.App.4th 10, 21-22 (*UDC*) [rejecting indemnitor's argument that "the jury's eventual 'no negligence' finding rendered the entire indemnity clause, including the defense provision, inapplicable"].)

The duty to defend "necessarily arises as soon as [the specified] claims are made against the promisee." (*Crawford, supra,* 44 Cal.4th at p. 554.) Therefore, the duty to defend may depend on the framing of the third party's complaint. (*Id.* at p. 558 [duty to defend "arises . . . before the litigation to be defended has determined whether indemnity is actually owed" and therefore is triggered by claims "which, at the time of tender, *allege* facts that would give rise to a duty of indemnity"]; *UDC, supra,* 181 Cal.App.4th at p. 21 [discussing whether allegations of third party complaint were "sufficient to

trigger [indemnitor's] duty to defend"].)[7]  Unlike the duty to defend, however, the duty to indemnify does not arise until liability is proven.  (*Crawford, supra,* at p. 559 ["One can only indemnify against 'claims for damages' that have been resolved against the indemnitee, i.e., those as to which the indemnitee has actually sustained liability or paid damages."]; see also *ibid.* [duty to defend "was not dependent on whether the very litigation to be defended later established [the indemnitor's] obligation to pay indemnity"].)

Contractor's complaint alleges Employer owed a duty to both defend and indemnify.  Employer's demurrer argues the entire indemnification provision does not apply to the Employee Lawsuits, and the parties make no distinction between Employer's duty to defend and its duty to indemnify.  Therefore, we need not decide whether the complaint sufficiently states a claim with respect to the duty to defend; if it states a claim with respect to the duty to indemnify, Employer's demurrer fails.

The cases cited above considering a third party's allegations to determine whether there is a duty to defend do not govern the question of whether these allegations determine the duty to indemnify.  As noted above, we see no basis in the Contract's language to so limit the indemnification provision.  We note also, as Contractor argues, the employees have no reason to allege Employer was liable, as they cannot recover damages from Employer.  (*DaFonte, supra,* 2 Cal.4th at p. 598.)  Indeed, the employees have reason *not* to make such allegations, because their damages from Contractor may be reduced by workers' compensation benefits attributable to Employer's fault.  (*Id.* at p.

---

[7] Contrary to Employer's characterizations of these cases, the relevant discussions involved only the duty to defend, not the duty to indemnify.  Indeed, in both cases the court found the indemnitor owed a duty to defend, despite *not* owing a duty to indemnify. (*Crawford, supra,* 44 Cal.4th at p. 547; *UDC, supra,* 181 Cal.App.4th at pp. 21–22.)  An additional case relied on by Employer similarly involved the duty to defend.  (*Mel Clayton Ford, supra,* 104 Cal.App.4th at p. 55.)

599.)  While the allegations may be relevant to Employer's duty to defend, they do not govern Employer's duty to indemnify.[8]

Finally, we reject the additional arguments Employer raised below.  (*Coppinger v. Rawlins* (2015) 239 Cal.App.4th 608, 612 ["The judgment must be affirmed if it is correct on any ground stated in the demurrer, regardless of the trial court's stated reasons."].)  Employer argued the contract was made with Nibbi Concrete only, but Contractor's complaint alleges that each defendant "was the agent, servant and/or employee" of each of the other defendants.  We assume this allegation to be true. (*Committee for Green Foothills, supra,* 48 Cal.4th at p. 42.)  Principals may be liable for contracts executed by agents, even where the principal is not disclosed in the contract.  (3 Witkin, Summary of Cal. Law (10th ed. 2005) Agency and Employment, § 158 ["If the principal is undisclosed, i.e., if an agent acting for his principal makes a contract in his or her own name either orally or in writing, the result will ordinarily be that either the principal or the agent may be held liable on it by the third party.  [Citations.] [¶]  . . .  And if the contract is in writing, parol evidence is admissible to prove that the undisclosed principal is in fact the party for whom the contract was made."].)  Employer's demurrer raised no argument disputing liability based on agency principles and Employer has not pursued this argument on appeal.  As for Employer's argument on the declaratory relief claim, the Employee Lawsuits have settled and there is no longer any argument that they provide an adequate forum for Contractor to determine Employer's indemnification obligations.

Because we conclude Employer's demurrer does not establish Contractor failed to state a claim, we reverse and remand for further proceedings.

---

[8] Because we conclude Contractor's complaint states a claim based on the Contract's primary indemnity provision, we need not decide Employer's argument that Contractor fails to state a claim based on the Contract's additional indemnity provisions, which apply in certain circumstances.  (See *ante,* fn. 2.)

## DISPOSITION

The judgment is reversed with directions to the superior court to vacate its order sustaining the demurrer without leave to amend and to enter a new order overruling the demurrer.  Appellant shall recover its costs on appeal.

_____
SIMONS, Acting P.J.

We concur.

_____
NEEDHAM, J.

_____
BRUINIERS, J.

10

Superior Court of the City and County of San Francisco, No. CGC-14-540636, Hon. Ernest H. Goldsmith, Judge.

Haight, Brown & Bonesteel, Vangi M. Johnson; Yukevich, Cavanaugh, Steven D. Smelser; Cantey Hanger, Al Kroemer, for Plaintiff and Appellant.

Wood, Smith, Henning & Berman, Steven R. Disharoon, Gregory P. Arakawa; Fisher & Kong, Raymond E. Kong, for Defendants and Respondents.